JESUS RAMIREZ, JR., v. THE STATE.

No. 13536. Delivered October 8, 1930.
Rehearing denied November 5, 1930.
Reported in 31 S. W. (2d) 1077.

The opinion states the case.

*Shelton & Shelton, W. T. Williams, Jr.,* and *Warren W. Moore,* all of Austin, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment being one year in the penitentiary.

The sheriff went to appellant's home and told him he wanted to search his premises, in reply to which appellant told him to "go ahead and search." The officer had secured a search warrant and thought he had it with him but said nothing to appellant about a warrant until after getting appellant's consent to the search; upon discovering that he did not have the warrant with him he advised appellant of the facts, although he had already secured appellant's consent to the search, and told him if he had any objection to the search he (the officer) would go back and get the warrant. Appellant confirmed the consent already given. Appellant objected to evidence as to the discoveries under the search on the grounds: (1) That the officer had no warrant to search; (2) that he secured consent of appellant by representing that he had a warrant. We think the second ground of objection is not supported by the record. The officer seems to have dealt with appellant in the utmost fairness. After discovering the absence of the warrant he expressed willingness to waive the consent to search already obtained if appellant urged any objection after knowing the facts. So far as the record shows no effort was made to prove the contents of the affidavit or warrant. The state relied upon consent to the search testified to by the sheriff. This was not controverted in any way. Under the

facts recited we perceive no error in receiving evidence obtained by the search, either of the residence or other parts of the premises. This foregoing discussion disposes of bills of exception numbers one, three and four.

While the officer was talking to appellant in the yard the officer heard someone walking rapidly in the house and smelled whisky, and saw it running through the floor under the house. After getting appellant's consent to the search he immediately went in the house and found appellant's wife pouring whisky out of a gallon jug and also found one full gallon of whisky in the room. About four or five hundred yards from the house in very thick brush was found a barrel with some mash in it and a furnace and a cooking vessel. There was found under the cooking vessel some ashes with live embers. There was a trail leading through the corn patch to the still from appellant's house, the trail being very indistinct near the house but getting plainer the farther it lead. The equipment described was somewhere near one hundred yards in the brush from the edge of the corn field. Appellant introduced no testimony whatever.

Complaint is preserved in bill of exception number two to that part of the sheriff's testimony to the effect that he found appellant's wife in the house pouring out a gallon of whisky; the objection being that anything heard in the house was the act of a third person and appellant was not shown to have been a party to it, and were the acts of other persons out of the presence of appellant. The case of Cruze v. State, 25 S. W. (2d) 875, and authorities therein referred to furnish sufficient reasons to overrule the contention made by appellant.

Upon the record we find no merit in appellant's contention that the court should have instructed a verdict of acquittal.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant submits two propositions, substantially presenting the same point, viz.: that the testimony does not sustain the verdict and judgment. There is nothing in the record suggesting the connection of any party other than appellant, with the manufacture of the intoxicating liquor found by the officers in appellant's house on the occasion of their search. Appellant's wife engaged herself at once upon the appearance of the officers in an

effort to destroy the incriminating evidence. The testimony in no-wise supports the theory that anyone else had been on the premises or about the house of appellant such length of time as would be necessary to make a run of liquor or operate the still found by the officers. The finished product was in appellant's house,—his wife tried to dispose of it,—a path led from his house to a near by thicket in which was mash, a furnace with live coals under it, and all the necessary paraphernalia for the making of whisky, except that the coil was not there. The ease with which a coil could be disconnected and secreted or removed after the run was finished, would prevent this court under facts like these from attaching significance to the fact that the still lacked this much of being complete and from deciding that the jury were not justified in believing that appellant had made the whisky that was found in his possession.

We can not agree to the soundness of appellant's contention that the fact that the jury found him guilty under the manufacturing count of the indictment, could have any weight with this court in holding that thereby the jury rejected the fact of his possession of the mash and of the still and of the whisky found in his house, as factors in determining his guilt of the manufacture. Even if in law the result of such verdict would be to prevent a subsequent conviction of appellant of the offense of possession of the whisky or of the still, this will not be held to deprive the jury of their right to consider such facts in determining the guilt of the accused under the count charging the manufacture.

The motion for rehearing will be overruled.

*Overruled.*

Hawkins, J., absent.