### RAYMOND BILLUPS v. THE STATE.

No. 13593.   Delivered October 8, 1930.
Reported in 31 S. W. (2d) 821.

The opinion states the case.

*T. D. Campbell* of Longview, and *Perkins & Perkins* of Rusk, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, burglary; penalty, three years in the penitentiary.

About January 12, 1930, the mercantile establishment of Ray & Haws was burglarized and a quantity of merchandise taken therefrom. Some three weeks later a room occupied by appellant was entered by an officer without a search warrant and in the absence of appellant a trunk was taken therefrom in which was found a quantity of the goods identified as having come from the burglarized premises.

Objection to the reception of the evidence of the searching officer as to the contents of the trunk aforesaid because of the alleged illegality of the search is made the subject of the only bill of exception which we think necessary to discuss.

About January 1, 1930, appellant's wife left town to go to Denison to be treated by a physician and at that time their home was rented to another family, appellant taking up his abode in the room in question. On the day of the search appellant's wife returned and arranged with the family to whom her former home had been rented for a room to stay while she was sick. Officers went to this home and learned from the wife that appellant roomed elsewhere. She had not apparently at that time seen the appellant. The evidence in question was apparently admitted upon the theory that upon the wife's return her home became that of appellant and the room in question therefore was not protected by the constitution against the search in question. In this we think the Court was in error. It conclusively appears, we think, by the testimony that the room was occupied at the time by the appellant as his place of abode. So far as this record shows, he did not know of the presence of his wife in town. We think under the language of the constitution and statute and the many decisions heretofore rendered construing same, that the room was protected from an illegal search and that the evidence obtained as a result of such a search was inadmissible. Art. 727a, Vernon's Texas C. C. P. and authorities there cited. There are circumstances under which stolen property may be seized without a warrant. Art. 325, C. C. P.; Hepworth v. State, 12 S. W. (2d) 1018. The facts of this case do not appear to bring it within

the terms of such statute. Title 6, C. C. P., relating to search warrants, specifically provides for the issuance of search warrants in cases of this character. To hold this search legal would be in effect to judicially nullify the various provisions of the statute enacted to protect the citizen from illegal searches.

For the error discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.