ELBERT WILLIAMS v. THE STATE.

No. 14931. Delivered February 17, 1932.

The opinion states the case.

*Cecil R. Glass,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

In the application for the search warrant, it is stated that in the house, residence, etc., of Thornton Paul (who was the owner and in possession of the premises), there was intoxicating liquor manufactured and sold.

Davis, a deputy sheriff, gave the following testimony: He knew the appellant, Elbert Williams, and had known him for several years. Williams was staying at the house belonging to Thornton Paul, which was situated in Island street. Paul had a large negro boarding-house and two small houses in the yard. Williams stayed in one of the small houses. Paul lived in the big house, and in his back yard he had three or four rent houses, two of them facing Island street. These houses were occupied by people other than Paul. From Davis' testimony we quote: "I searched all the houses in the enclosure, and I searched the house of Elbert Williams. In one of the houses in the back yard of Paul's premises I found a half-gallon jar and four pints of whisky. This was in a house back of Thornton Paul's yard. In the room there was a dresser and wash-stand. * * * There were two rooms in the house. The defendant was sitting on the gallery. * * * The whisky was found in the washstand. There was no bed in the room, but there was a bench and some chairs. * * * There was a negro in the house named Augusta Cherry, who had the north room. He had a little less than two pints of whisky. It was in his suit-case under the bed. There was no one in the south room at the time. There was no bed there. * * * Thornton Paul and the defendant were sitting on the porch. Williams and Cherry were both arrested."

Davis got from the appellant the key to his room. The witness said that he made no application to search the house of Williams, but made application for the search of all the rent houses, and he knew that Williams lived there.

Thornton Paul's testimony was in substance as follows: He lived on Island street, and had a boarding-house called "Blue Haven." Besides his hotel, he had three rent houses on the lot. At the time of the search the witness was sitting on the porch with Elbert Williams in front of one of the houses. One room of the house was rented by Williams; the other was rented by Cherry. The rooms were rented by the week. Williams had paid a weeks' rent in advance. Paul had no control over the room. It was controlled by the appellant who had paid the rent therefor. Williams was

temporarily staying with his mother as Paul was expecting a number of guests due to a convention, and with the appellant's consent, he had moved the bed out of the house so that Paul might use it for his guests. The witness saw no whisky on the premises. A number of people had been in the room during the week.

The requisites of an affidavit for a search warrant, as set forth in article 310, subd. 1, C. C. P., p. 219, 1925, are as follows: "1. The name of the person accused of having stolen or concealed the property; or, if his name is unknown, giving a description of the accused, or stating that the person who stole or concealed the property is unknown."

The sole declaration in the affidavit of the possessor and ownership of the premises to be searched, as appears in the affidavit, is as follows: "The house, residence, out-houses, premises and apartments or rent houses of Thornton Paul, located·on Island Street and Depot Street in the town of Marlin, Falls County, Texas, and that Thornton Paul is the owner and in possession of said premises, and is selling, manufacturing, and possessing intoxicating liquors unlawfully."

The search warrant described the property to be searched as follows: "The house, residence, out-houses, premises and apartments or rent houses of Thornton Paul located on Island Street and Depot Street in the town of Marlin, Falls County, Texas."

From the evidence, it is apparent that the whisky was found in the room of a house which the appellant had rented from the witness Paul. The appellant was not in the room, but he possessed the key to it. The validity of the conviction rests upon the authority of Davis to search the room in which the whisky was found. The ground upon which Davis had the authority to make the search is the search warrant based upon the affidavit, the substance of which is quoted above. In neither the affidavit nor the warrant is it stated that the appellant's name was unknown. Neither was he named or described; nor was the house which he occupied described or in any way identified in the affidavit or in the warrant. It seems clear that in the particulars mentioned the affidavit and warrant fail to comply with the statutory requisites of a search warrant as set out in title 6, article 316, C. C. P., 1925. Neither does it meet the provisions of article 691, P. C., 1925. Under article 727a, Vernon's Ann. C. C. P., the evidence acquired through an illegal search which was received over the appellant's objection should have been excluded. From the uncontroverted evidence, the room was the appellant's abode. It was under his control. Under such circumstances, the entry thereof without a warrant was illegal. Among the recent cases deemed in point are Billups v. State, 116 Texas Crim. Rep., 63, 31 S. W. (2d) 821; Gorman v. State, 107 Texas Crim. Rep., 533, 296 S. W., 533. If it be assumed that the room in which the whisky was found was not under the control of the appellant or was not in his pos-

288

session (if there be basis for such inference) it would rest upon circumstantial evidence alone. The ruling of the court in receiving evidence of the officers showing the result of the search is brought, by proper objection and bill of exception, before this court for review. This is likewise true with reference to the omission of the charge on the law of circumstantial evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*