# FEBRUARY 26, 1936

### A. H. COMPTON V. THE STATE.

No. 17981. Delivered February 26, 1936.

The opinion states the case.

*Robert R. Mullen, Jr.,* of Alice, and *H. K. Harrelson,* of San Diego, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was tried and convicted of keeping a place to gamble with cards, dice, or dominoes, and where people then and there resorted to gamble with cards, dice, or dominoes; and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The first contention made by the appellant is that the court erred in overruling his motion to quash the indictment in this case for the reasons: (a) that the indictment does not charge an offense against the laws of the State of Texas; (b) because the indictment is vague and indefinite and does not apprise this defendant as to what he must defend against, etc. The indictment omitting the formal parts reads as follows: "that A. H. Compton on or about the 1st day of January A. D., 1934, and anterior to the presentment of this indictment, in the county of Duval, and State of Texas, did then and there unlawfully keep and was then and there interested in keeping a certain building, room and place to bet and wager, and to gamble cards, dice and/or dominoes then and there played; and as a place where people did then and there resort to gamble, bet and wager on games played with cards, dice and/or dominoes against the peace and dignity of the State."

At the very threshold of this case, we are confronted with the onerous task of determining what is meant by the word or symbol "and/or" appearing in the indictment. If the pleader meant the conjunctive, he should have employed the word "and"; but if he meant to express the disjunctive, he should have used the word "or", to use both leads to uncertainty and confusion. The primary requisite of criminal pleading is definiteness and certainty, so that nothing is left to inference or intendment. The American Bar Association Journal in commenting on the growing use of "and/or" said: "It is indicative of confused thought and should have no place in either a statute or legal document as "and/or" makes confusion worse confounded." In the case of Tarjan v. National Surety Company,

268 Ill. App., 232, the court speaking through Justice O'Connor said: "The use of this symbol arises in part from a doubt as to which of the two words should be used. Is it any solution of this doubt to leave the question to be solved by construction at a later time? We venture the assertion that any man who knows the meaning of the two words and the established distinctions in their use can take a modern contract or statute, bristling with this symbol, strike out every one of them and substitute the proper one of the two words, to the great clarification of the meaning of the instrument or act."

It is apparent, from the face of the indictment charging that the place was used to bet and wager and to gamble cards, dice and/or dominoes then and there played; where people resorted to gamble, bet or wager on games played with cards, dice and/or dominoes that it is uncertain whether or not the place was used for betting at one or the other games mentioned in the indictment. In the case of Taylor v. State, 50 Texas Crim. Rep., 183, this court said: " 'When the offense may be committed by different means or with different intents, such means or intents may be alleged in the same count in the alternative,'—it has been held that the alternative allegation could not be used. But where there was different ways of committing an offense, and they are alleged in the same, they must be alleged conjunctively." See Davis v. State, 23 Texas App., 637; Fry v. State, 36 Texas Crim. Rep., 582; Canterberry v. State, 44 S. W., 522. See also Moore v. State, 100 S. W., 1161. We believe that under the rule announced in the cases above mentioned the court erred in declining to sustain the motion to quash.

We notice in the indictment that the word "with" was omitted before the words "cards, dice, or dominoes." In the case of Riley v. State, 27 Texas App., 606, this court said: "An indictment for playing at a game with cards, at a certain public place, etc., in which the word 'at' is omitted before the words 'a certain public place,' is bad, because the word 'at' in that connection forms an integral part of the description of the offense, and hence can not be supplied by intendment." We are of the opinion that the word "with" in connection with the words "cards, dice, or dominoes" forms an integral part of the description of the offense and the word cannot be supplied by intendment. We fail to see any difference between the omission of the word "at" in the connection it should have been used and the word "with" in its proper place in the indictment. If "at" was necessary for a complete description of the offense

sought to be charged, then "with" is equally necessary to a complete description of the offense here charged. See also Jones v. State, 21 Texas App., 349; Barfield v. State, 45 S. W., 1015.

Being of the opinion that the indictment is insufficient and that the trial court erred in declining to sustain the motion to quash, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.