## CLIFTON JAMES V. THE STATE.

No. 21018.  Delivered May 1, 1940.

The opinion states the case.

*Mel T. Janes,* of Lubbock for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing beer in a dry area for the purpose of sale; the punishment, a fine of $250.00.

Officers testified that they went to the Canyon Club and instituted a search for intoxicating liquor. It was their version that they found six cases of Pabst beer. E. W. Green, who owned the property, testified that he had leased it to appellant and E. E. Cole. Appellant did not testify and introduced no witnesses.

The only bill of exception in the record is concerned with the action of the trial court in permitting the officers to testify that they found six cases of beer in the Canyon Club. One of the objections interposed by appellant to such testimony was that the affidavit and search warrant failed to show who had "charge of or possessed the premises" where the beer was found. An examination of the affidavit and search warrant discloses that the objection was well taken. The case of Miller v. State, 114 S. W. (2d) 244, is controlling. In that case it was not stated in the affidavit and search warrant that Miller lived on or occupied the premises described in the affidavit. In reaching the conclusion that such an averment was necessary, this court, speaking through Judge Hawkins, said: "It is shown that the 'fractional part' of the acre—however much that may have been—was the premises of R. F. Miller, but no averment that he lived on it, or occupied a dwelling on it. Many people own 'premises' on which there may be situated many residences, all of which may be occupied by people other than the owner, when he in fact lives—has his residence—at an entirely different place. It is true the officers

testified that they knew the house searched was appellant's residence, but such testimony would not supply the omission of such averment in the description of the property in the affidavit and warrant."

We are constrained to hold that the bill of exception reflects reversible error.

The jury returned a verdict finding appellant guilty as charged, and assessing his punishment at a fine of $250.00 "and/or confinement in the county jail of————." A similar verdict was condemned in Eunie Cobb v. The State, Opinion No. 20,993, delivered April 24, 1940, (page 337 of this volume). In that case the court said: "It is obvious that the verdict is uncertain and for that reason cannot be upheld."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.