**POWERS v. STANDARD ACC. INS. CO.**
**No. 13612.**

Court of Civil Appeals of Texas. Dallas.
April 27, 1945.

Rehearing Denied May 25, 1945.

Vernis Fulmer, of Nacogdoches, and White & Yarborough, of Dallas, for appellant.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellee.

BOND, Chief Justice.

This is a workman's compensation suit for total and permanent disabilities resulting to appellant, Alvis Powers. Appellee, Standard Accident Insurance Company, was the insurance carrier of Standard Paving Company, an Oklahoma corporation, Dewey Spencer, an individual d/b/a Spencer Construction Company, and Lee Harris, an individual, acting as joint-contractors and co-adventurers in name of Standard, Spencer & Harris. The policy of insurance specifically indemnified the insured for injuries to their employes in performance of labor under Workmen's Compensation Law in their contract with the United States War Department to construct an airfield and glider school for army planes at Dalhart, Texas. The contract was separable,—the Standard was to lay all concrete; Spencer Construction Company the grading, and Lee Harris the drainage. On May 27, 1942, Spencer Construction Company sublet a portion of its contract to Sitton & Herbert, a partnership composed of W. F. Sitton and R. C. Herbert of Nacogdoches, Texas. Under this subcontract, Sitton & Herbert were to do all of the work, furnish all materials, labor and requirements of every kind necessary to complete "approximately 200,000 c.y. excavation, at 45 cents per c.y.; 115,000 c.y. base course caliche, at $1.05 per c.y.", according to plans and specifications of the U. S. Army Engineers.

On the occasion in question, Alvis Powers was employed to take a truck belonging to Sitton & Herbert from Nacogdoches to Dalhart to be used in the construction of the army airport, and while en route he suffered an injury. The controlling issue, finding support in evidence, is whether, at the time of his injuries, Alvis Powers was an employe of Standard, Spencer & Harris, or an employe of Sitton & Herbert. Plaintiff alleges that on or about July 20, 1942, he was employed by and working for "Standard, Spencer & Harris, &/or Sitton & Herbert", and that while engaged in furtherance of the business of "Standard, Spencer & Harris, &/or Sitton & Herbert", and under orders and instructions of his employer, "Standard, Spencer & Harris, &/or Sitton & Herbert" and on the payroll of "Standard, Spencer & Harris, &/or Sitton & Herbert", he received total and permanent disabilities, for which he seeks judgment against the insurance carrier on its policy of indemnity.

The cause was tried to a jury, and on findings, material here, that at the time and on the occasion in question Alvis Powers was an employe of Sitton & Herbert, and that appellee, Standard Accident Insurance Company, did not issue and deliver to Sitton & Herbert a workman's compensation policy in full force and effect on the occasion in question, the trial court entered judgment in favor of the insurance carrier.

The appellant challenges the action of the trial court (1) in failing to declare a mistrial because of the failure of the jury to find in answer to special issues Nos. 2, 3 and 4, making inquiry as to whether Alvis Powers was an employe of and sustained injuries in course of his employment with Standard, Spencer & Harris; and (2) that a new trial should have been granted by the trial court in admitting over plaintiff's objections certain documentary evidence prejudicial to his cause.

It will be observed that plaintiff's pleadings abound in use of the phrase or symbol "&/or" in denominating his employer; manifestly leading to uncertainty, ambiguity and multiplicity. Because of its conjunctive-disjunctive form, courts, in dealing with the subject to which the symbol relates, must of necessity give it the interpretation applicable to subsequent disclosure of facts and circumstances to express the true intention of the pleader. If the pleader means the conjunctive, the word "and" should have been used, but if he means to express the disjunctive, he should have employed the word "or"; to use both "and" and "or" leads to uncertainty and confusion. The American Bar Association Journal, in commenting on the use of "and/or", relates: "It is indicative of confused thought and should have no place in either a statute or legal document as 'and/or' makes confusion worse confounded." In the case of Tarjan v. National Surety Company, 268 Ill.App. 232, the court said: "The use of this symbol arises in part from a doubt as to which of the two words should be used. Is it any solution of this doubt to leave the question to be solved by construction at a later time? We venture the assertion that any man who knows the meaning of the two words and the established distinctions in their use can take a modern contract or statute, bristling with this symbol, strike out every one of them and substitute the proper one of the two words, to the great clarification of the meaning of the instrument or act." See also State ex rel. Adler v. Doug-

las, 339 Mo. 187, 95 S.W.2d 1179; Compton v. State, 129 Tex.Cr.R. 648, 91 S.W.2d 732, condemning the use of the meaningless symbol. In submitting the case here to the jury, evidently the trial court interpreted plaintiff's meaning in light of the evidence in its disjunctive sense, thus submitting separate issues: (1) Nos. 2, 3 and 4, whether plaintiff at time of his injury was an employe of Standard, Spencer & Harris, and (2) Nos. 21 and 22, whether he was an employe of Sitton & Herbert. There was no issue submitted, and none requested, for a finding as to whether or not Alvis Powers was an employe of the two entities acting conjunctively, and no objection to the charge, for the evident reason that Standard, Spencer & Harris and Sitton & Herbert were separable contracting entities, under severable contracts. Standard, Spencer & Harris were the general contractors; Sitton & Herbert subcontractors doing the hauling and excavation in accordance with plans and specifications previously entered into with Spencer Construction Company. The jury, perhaps, could have found affirmatively on either issue, but not on both without a conflict in findings; and, there being no evidence to justify a conjunctive issue that Alvis Powers was an employe of the two contracting entities acting jointly in the enterprise and the employment of Powers, the trial court appropriately submitted the disjunctive. Thus, the jury having determined that Alvis Powers was an employe of Sitton & Herbert supported by plaintiff's pleadings and evidence, it would not have been consistent for it to find that he was also an employe of Standard, Spencer & Harris. Had the jury answered both issues in the affirmative, it would have been the clear duty of the trial court to return the findings for further consideration of the jury to avert conflict. We think there was no error in the action of the trial court in refusing to decree a mistrial on failure of the jury to answer the issue as to whether Powers was an employe of Standard, Spencer & Harris. The jury having reported that they had answered part of the issues but were unable to agree upon others, it then became the duty of the judge, if he regarded the jury as hopelessly hung, to instruct them to return their verdict, which, in this instance, he did; and the verdict being sufficient to support the judgment, plaintiff's point of error should be overruled. 41 T.J., 1220, Sec. 356.

In answer to plaintiff's petition that, at time of injury, he was an employe of

"Standard, Spencer & Harris, &/or Sitton & Herbert", and was on their pay roll, the defendant entered a general denial, and specially pleaded that Alvis Powers was not an employe .of either Sitton & Herbert or Standard, Spencer & Harris, but was, in truth and in fact, an employe of one Duke Herbert of Nacogdoches, Texas. Duke Herbert is the father of R. C. Herbert, of the firm of Sitton & Herbert. The jury found that Powers was not an employe of Duke Herbert; consistent with its finding that he was an employe of Sitton & Herbert. On trial, one Laurie Dudley, testifying for the plaintiff, gave evidence favorable to the issue that Alvis Powers was an employe of Standard, Spencer & Harris, and in the. course of his testimony stated that he himself was truck-foreman of Standard, Spencer & Harris; that he employed Powers to drive the truck from Nacogdoches to Dalhart for his employer; that he was on the pay roll of Standard, Spencer & Harris and not of Sitton & Herbert; that he paid Powers his wages for driving the truck, and that no check was issued by Sitton & Herbert for such wages. His testimony was sharply controverted. W. F. Sitton testified by deposition; R. C. Herbert was dead. Sitton testified that Sitton & Herbert were independent subcontractors under Standard, Spencer & Harris in the construction of the airport at Dalhart; that just prior to July 20, 1942, he telephoned from Dalhart to Duke Herbert, at Nacogdoches, for transfer of the truck in question to be used on their work; that Sitton & Herbert issued a check and had it charged to their account for the work of Alvis Powers. Subsequent to the occasion in question, the Federal District Court for the Eastern District of Texas, at Tyler, adjudged Sitton & Herbert bankrupt, and appointed J. B. Miller referee, afterwards trustee, of their estate. Mr. Miller testified that he was directed by the court to take charge of the assets, books and records of the bankrupt; that he collected all such books and records available, used them in administering his trust, and on the faith of the books and records, the Internal Revenue Agent accepted the entries as correct; that so far as he could ascertain, they were correctly kept. Otherwise, no further predicate was offered for introduction of the book entries. The defendant, over plaintiff's objection, offered in evidence cancelled checks payable to Laurie Dudley, evidencing execution by "Spencer Construction Company on Contract No. 132, Sitton & Herbert account", and in connection therewith the ledger entries showing the taxable wages paid to Laurie Dudley by Sitton & Herbert, as required by U. S. Treasury Department, Internal Revenue Service. The proffered ledger entries bear on impeachment of Laurie Dudley, as being an employe of Standard, Spencer & Harris and as being on their pay roll.

■ As a general rule, courts take judicial notice of statutes enacted by Legislatures, Acts of Congress, orders, judgments and decrees of courts of record, and acts of individuals done in pursuance to such legislation and judicial decrees. Courts, however, do not notice account books and entries therein of court receivers, trustees, or individuals acting as such, in the absence of some showing by preliminary evidence as to what the proffered books and entries are, and under what circumstances they have been kept. The books do not "prove themselves". The preliminary proof may be made: (1) Where the person who made the entries to be offered had personal knowledge of the facts recorded, he may be produced as a witness and testify to correctness of the entries as being records of his past recollection; (2) where the person who made the entries had personal knowledge of the facts recorded, but cannot be produced as· a witness, the books may be identified by others who know the facts, as a predicate to admission of the book entries; or (3) where the entries are made, not upon personal knowledge of the entrant, but by another upon information furnished according to regular routine, then the informant may testify and prove the entries as past recollection of the facts. In either event, a predicate must be laid identifying the book entries. We know of no authority, and none cited here, that books and records coming into the hands of a receiver or trustee in bankrupt proceedings are for that reason alone admissible in absence of preliminary proof identifying the proffered books and records. In the instant case, Miller, the referee and trustee of Sitton & Herbert, could only relate that the books and records came into his hands; he could not testify as to their correctness, or that· they were in fact the bankrupt's books and records. Mr. Herbert was dead, and Mr. Sitton testified in effect that Laurie Dudley was an employe of Sitton & Herbert and that he was paid by check on account of Sitton & Herbert. The checks to Dudley

bear evidence that he was paid by Sitton & Herbert, the books and entries merely relating that which was otherwise proven, and material only as impeachment of Dudley. Furthermore, the books and records of the bankrupt firm having been used by the referee in support of internal revenue returns, and accepted by the Internal Revenue Agent, as said in McCormick and Ray, Texas Law of Evidence, p. 713, "when constantly the weightiest and most complicated business interests are settled upon the faith of such records, it would be pedantic for the courts to exclude them." We think the introduction of the book entries does not present error.

We have reviewed all appellant's points of error; they are overruled. Judgment affirmed.