W. R. WOOD v. STATE

No. 25427. October 31, 1951.

420

Hon. Walter S. Pope, Jr., Judge Presiding.

*J. W. Reid* and *W. E. Martin,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for violating the liquor laws, with punishment, enhanced by reason of prior convictions for offenses of like character, assessed at a fine of $1,000 and six months in jail.

We come directly to a consideration of the question decisive of this appeal—which is, the validity of the search warrant by which there was discovered the intoxicating liquor for the unlawful possession of which the appellant stands here convicted. The premise searched was the Elizabeth Night Club. Appellant was present and in the building at the time of the search.

The attack upon the search warrant and affidavit in support thereof is the alleged insufficiency of the description of the premises to be searched and the name of the owner or the occupants thereof.

The right to search for intoxicating liquor is founded upon Art. 666-20, Vernon's Penal Code. Said statute provides that search warrants may be issued upon the affidavit of a credible person "setting forth the name or description of the owner

or person in charge of the premises to be searched, or stating that his name and description are unknown . . ."

It has been the uniform holding under this and a similar prior statute that the provisions above quoted must be complied with for the affidavit to be sufficient to authorize the issuance of a search warrant. Williams v. State, 120 Tex. Cr. R. 285, 47 S. W. 2d 298; Northam v. State, 125 Tex. Cr. R. 162, 66 S. W. 2d 692; Brown v. State, 136 Tex. Cr. R. 61, 124 S. W. 2d 124; James v. State, 139 Tex. Cr. R. 208, 139 S. W. 2d 587.

The name of the owner or occupant of the premises here sought to be searched was stated in both the affidavit for the warrant and the search warrant itself, as follows: "being the premises occupied by, in charge of and under the control of Willie Wilson, and/or Eddie J. Ford." Appellant was known by the name of Willie Wilson.

The description of the ownership and occupancy of the premises, in addition to supporting the search warrant, also became material upon the trial of the case because of the fact issue which arose as to whether the premises searched were those described in the affidavit and search warrant—in which cases, the occupancy and ownership of the premises as stated may be looked to in aid of the description given. Crumpton v. State, 147 Tex. Cr. R. 54, 178 S. W. 2d 273.

The sufficiency of the allegation of occupancy and ownership is attacked as being so indefinite as to constitute no allegation whatever because the use of the expression, "and/or," is equivocal and is neither positively conjunctive nor positively disjunctive.

This court in the case of Compton v. State, 129 Tex. Cr. R. 648, 91 S. W. 2d 732, was called upon to determine what was meant by the words, "and/or," in an indictment, the conclusion reached being that such term was uncertain and indefinite. We there called attention to the fact that the American Bar Association Journal made the following reference to the words or symbol, "and/or":

" 'It is indicative of confused thought and should have no place in either a statute or legal document as "and/or" makes confusion worse confounded.' "

Following the Compton case, this court, in Cobb v. State, 139 Tex. Cr. R. 337, 139 S. W. 2d 272, and Allen v. State, 138 Tex. Cr. R. 303, 136 S. W. 2d 232, condemned the use of "and/or," in a verdict held as being indefinite and uncertain.

The civil appellate courts of this state have also uniformly codemned the words, "and/or," as meaningless, indefinite and uncertain. American Gen. Ins. Co. v. Webster, 118 S. W. 2d 1082; Collier, Inc. v. Connelley, 134 Tex. 569, 137 S. W. 2d 14; United Service Automobile Ass'n. v. Miles, 139 Tex. 138, 161 S. W. 2d 1048.

Cases cited in Words and Phrases, Vol. 3, p. 450, Permanent Edition, evidence the uniform condemnation that had been given to the use of the words, "and/or," by other jurisdictions.

There is no escape from the conclusion that the use of the words, "and/or," in the affidavit and search warrant failed to comply with the mandate of the state, above mentioned, requiring that the name of the owner or occupant of the premises desired to be searched be stated, or if unknown, that it be so alleged.

The affidavit not complying with the statute, the search warrant issued thereon was invalid and did not authorize a search of the premises nor the introduction of the evidence found as a result of the search thereunder.

Appellant did not testify as a witness in his own behalf.

His wife testified upon direct examination that she owned the "Elizabeth Night Club" as her own property and estate and that the deed thereto was in her name. She did not testify that she was in control of the club at the time of the search.

Upon cross-examination by the state, this witness testified:

"I *owns* the club. My husband *don't* have nothing to do with that. No, he didn't operate that."

It is the state's contention that the testimony of this witness, especially that developed by the state on cross-examination, rendered appellant's objection to the evidence of the search warrant untenable, upon the theory that appellant, not being

in occupancy or possession the premises searched, could not object to a search thereof.

According to the state's testimony, appellant was in the possession and occupancy of the premises searched. The state did not contend that someone else was in the possession thereof. Hence, if appellant was not in possession or control of the premises searched, his guilt is not shown in the first instance. The rule of law relied upon by the state applies where the accused is not in possession of the premises searched, and guilt made to depend upon other facts.

It would be a strange doctrine indeed to say that an accused, by introducing evidence of his innocence in denying any connection with the premises searched, renders himself unable to object to testimony of the result of the search of the premises which the state contends was in his possession and control and relies thereon for a conviction. To sustain the state's contention here would sanction such a doctrine.

Because the search warrant was insufficient to authorize the search, the judgment is reversed and the cause remanded.

Opinion approved by the court.