Joe PESINA, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 090 CR.

Court of Appeals of Texas,
Beaumont.

Nov. 16, 1983.

State's Petition for Discretionary
Review Granted May 2, 1984.

Roy Y. Martin, Austin, for appellant.

Margaret Moore, County Atty., Austin,
for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted on November 25, 1980, of driving while under the influence of intoxicating liquor, *TEX.REV.CIV. STAT.ANN. art. 6701l–1* (Vernon Supp. 1982–1983), in a bench trial, from which appellant perfected appeal to the Court of Criminal Appeals. That Court on September 1, 1982, pursuant to the provisions of Senate Bill 265, 67th Leg., Regular Sess. (1981), transferred the case to the Court of Appeals, Third Supreme Judicial District in Austin. On May 4, 1983, the Supreme Court of Texas transferred the case to this Court.

Appellant has two grounds of error, both of which question the admissibility of a blood test showing alcoholic content. The State stipulated that appellant was unconscious when the blood was taken, and that he had not given his consent to its taking.

The admissibility of such evidence in Texas is far from explicit and requires some discussion. In *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), a defendant, while in a hospital receiving treatment for injuries received in an automobile collision, and while under arrest, was given a blood test by a physician. The test had been taken without defendant's consent, and later admitted at his trial, showing, the State contended, that he had been intoxicated. A deeply divided court held that such admission did not violate defendant's right to due process of law under the Fourteenth Amendment, or his privilege against self-incrimination under the Fifth Amendment, or his right to counsel under the Sixth Amendment, or his right against unreasonable searches and seizures under the Fourth Amendment, in-

sofar as such rights were secured him against the States by the Fourteenth Amendment.

In *Schmerber, id.,* 384 U.S. at 772, 86 S.Ct. at 1836, 16 L.Ed.2d at 920, the majority emphasized the limited nature of its decision:

"We thus conclude that the present record shows no violation of petitioner's right under the Fourth and Fourteenth Amendments to be free of unreasonable searches and seizures. It bears repeating, however, that we reach this judgment only on the facts of the present record. The integrity of an individual's person is a cherished value of our society. *That we today hold that the Constitution does not forbid the States minor intrusions into an individual's body under stringently limited conditions in no way indicates that it permits more substantial intrusions, or intrusions under other conditions.*" (emphasis added)

So our next question is: What is the Texas law governing such "minor intrusions"? *TEX. CONST. art. I, § 9* provides:

"The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation."

In *Ferguson v. State,* 573 S.W.2d 516, 520 (Tex.Crim.App.1978), our Court of Criminal Appeals wrote:

"The taking of a defendant's blood is a search and seizure under Art. I, Sec. 9 of the Texas Constitution. *Escamilla v. State,* 556 S.W.2d 796 (Tex.Cr.App.1977); *Smith v. State,* 557 S.W.2d 299 (Tex.Cr.App.1977). If the defendant is in custody, either a warrant must be obtained or the defendant must consent to the taking of his blood. *Smith v. State,* supra. In any case in which consent is in issue, the burden is upon the State to show the consent was freely and voluntarily given. [citing authorities]"

We comment that this holding by our Court of Criminal Appeals is certainly consistent with prior law. In the days of prohibition, officers could not conduct a warrantless search of a person's home. *Williams v. State,* 120 Tex.Crim.R. 285, 47 S.W.2d 298 (1932); *Coats v. State,* 108 Tex.Crim.R. 298, 1 S.W.2d 288 (1927); *Chapin v. State,* 107 Tex.Crim. 477, 296 S.W. 1095 (1927). Certainly the intrusion of a person's body is at least as significant to the law as the intrusion of his home.

The most recent Court of Criminal Appeals case we have found on this topic is *Bell v. State,* 582 S.W.2d 800 (Tex.Crim. App.1979). The Court, at 807, reaffirmed the holdings of *Escamilla v. State,* 556 S.W.2d 796 (Tex.Crim.App.1977), and *Smith v. State,* 557 S.W.2d 299 (Tex.Crim. App.1977). Significantly, the only objections made by appellant in the *Bell Case,* at 807, were those addressed by the United States Supreme Court in *Schmerber v. California, supra,* to which the Court of Criminal Appeals had this to say:

"Under the holding of *Schmerber v. California,* supra, this objection was properly overruled. In *White v. State,* 521 S.W.2d 255 (Tex.Cr.App.1975), this Court reversed a conviction on the grounds of an illegal search and seizure of the defendant's car. The decision of this Court was 'reversed' by the United States Supreme Court in *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975). In *White v. State,* 543 S.W.2d 366 (Tex.Cr.App.1976), on remand from the United States Supreme Court, it was urged that the conviction could still be held invalid under the provisions of Art. I, Sec. 9, of the Texas Constitution. In Part III of the opinion, this Court stated:

" 'We do not reach this question. The appellant's sole reliance in the trial court was on cases construing the Fourth Amendment to the United States Constitution.... At no time during the trial of this case did the appellant urge that Article I, Sec. 9 of the Texas Constitution supported his motion to suppress.

" 'It is fundamental that the grounds for reversal urged on appeal must comport with the objections made at trial. [citing authorities]' "

In *Aliff v. State*, 627 S.W.2d 166 (Tex. Crim.App.1982), the Court again reaffirmed the doctrine discussed in *Escamilla v. State, supra*, that the taking of a blood sample is a search and seizure under the Texas Constitution. In *Aliff*, probable cause existed, in the case at bar it did not, and the State does not so contend.

■ So, at this point in time, we believe *Art. I, Sec. 9*, of the Texas Constitution requires a person's consent before his blood can be taken, but that objection, to be preserved, must be properly raised in the trial court.[1]

■ On the question of whether appellant properly preserved the correct objection, as required in *Bell v. State, supra*, we have difficulty. Appellant's motion to suppress was heard and denied on January 23, 1980. He was tried on a plea of not guilty on March 5, 1980. A recess was called and the trial resumed on April 17, 1980. It was again reset and resumed on May 29, 1980. Another recess occurred and the trial was resumed on July 2, 1980. It was reset for disposition on July 30, 1980, then again for August 13, 1980, on which date a new trial was granted. It was set for September 24, 1980, then reset for October 29, 1980. It was reset again, apparently two more times, and then in a bench trial on November 25, 1980, appellant was found guilty. During these numerous court appearances there was much discussion between the attorneys and the Court, and stipulations were made, especially on the questions raised in this opinion. We have been unable to find anywhere, in this confusing record, where appellant's attorney lodged a specific objection based on *Art. I, Sec. 9*, of the Texas Constitution; but, appellant's attorney furnished the Court with a brief which cites some of the decisions we note in this opinion. These decisions, of course,

discuss *Art. I, Sec. 9*, of the Texas Constitution as we have herein set forth. And, from the colloquy of the Court and the attorneys, there can be little doubt that each understood that this was the basis of one of appellant's objections to the admissibility of the blood test. To hold that because certain magic words were not used in the many discussions would, we think, place form before substance. We hold the objection was properly preserved and sustain appellant's two grounds of error.

■ The State has an alternate contention, namely, that any error by the trial court was harmless error. Since appellant was unconscious when he was found by the officer, and when his blood was taken in the hospital, we reject this contention.

Ordinarily the error we have found in this trial would prompt a remand of the case, but since there is no evidence of appellant's guilt except the blood test, we order that the judgment be reversed and that the trial court enter a judgment of acquittal.

Reversed.

---

**1.** Needless to say, this opinion is strictly confined to the facts of this case, and certainly is not to be construed to embrace the actions of physicians or other health care personnel in treating patients. Here the State stipulated the blood test was ordered by the officer.