**Imelda SEDILLO, Appellant,**

v.

**Frank VALTIERRA, Appellee.**

**No. 04–02–00631–CV.**

Court of Appeals of Texas,
San Antonio.

July 2, 2003.

Jerry N. Dennard, San Antonio, for Appellant.

Kurt G. Paxson, Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

Imelda Sedillo ("Sedillo") appeals a summary judgment entered in favor of Frank Valtierra ("Valtierra"). Valtierra moved for summary judgment based on Sedillo's deemed admission that his "negligence and/or negligence *per se* was not a proximate cause of the accident in question." We reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

■ Summary judgment is appropriate only when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Texas Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240–252 (Tex.2002). In reviewing a traditional motion for summary judgment, the reviewing court resolves every doubt and indulges every reasonable inference in the nonmovant's favor. *Id.* All evidence favorable to the nonmovant is taken as true. *Id.*

■ Summary judgment is properly granted if a party's deemed admission defeats the causation element of the party's cause of action. See TEX.R. CIV. P. 198.3 (matter admitted under rule 198 is conclusively established as to the party making the admission); *Flores v. H.E. Butt Stores, Inc.*, 791 S.W.2d 160, 162 (Tex.App.-Corpus Christi 1990, writ denied) (affirming summary judgment based on deemed admission as to causation). Sedillo contends that the deemed admission did not defeat the causation element because the term "and/or" could be construed to mean that either Valtierra's negligence or his negli-

gence *per se* was not a proximate cause of Sedillo's injuries, but not that both were not a proximate cause.

■ The term "and/or" is "used to imply that either or both of the things mentioned may be affected or involved." RANDOM HOUSE WEBSTER'S COLLEGE DICTIONARY 49 (2nd ed.1999). We agree that the use of the term "and/or" raises a genuine issue of material fact issue regarding whether the deemed admission addresses both negligence claims or only one of the negligence claims. *See Parker v. Keyser*, 540 S.W.2d 827, 831 (Tex.Civ.App.-Corpus Christi 1976, no writ); *Powers v. Standard Acc. Ins. Co.*, 188 S.W.2d 239, 241 (Tex. Civ.App.-Dallas 1945), *rev'd on other grounds*, 144 Tex. 415, 191 S.W.2d 7 (1945). As one Texas court has reasoned:

It will be observed that plaintiff's pleadings abound in use of the phrase or symbol "&/or" in denominating his employer; manifestly leading to uncertainty, ambiguity and multiplicity. Because of its conjunctive-disjunctive form, courts, in dealing with the subject to which the symbol relates, must of necessity give it the interpretation applicable to subsequent disclosure of facts and circumstances to express the true intention of the pleader. If the pleader means the conjunctive, the word "and" should have been used, but if he means to express the disjunctive, he should have employed the word "or"; to use both "and" and "or" leads to uncertainty and confusion. The American Bar Association Journal, in commenting on the use of "and/or", relates: "It is indicative of confused thought and should have no place in either a statute or legal document as "and/or" makes confusion worse confounded." In the case of *Tarjan v. National Surety Company*, 268 Ill.App. 232, the court said: "The use of this symbol arises in part from a doubt as to

which of the two words should be used. Is it any solution of this doubt to leave the question to be solved by construction at a later time? We venture the assertion that any man who knows the meaning of the two words and the established distinctions in their use can take a modern contract or statute, bristling with this symbol, strike out every one of them and substitute the proper one of the two words, to the great clarification of the meaning of the instrument or act."

*Powers*, 188 S.W.2d at 241 (citations omitted). Because the use of the term "and/or" raises a genuine issue of material fact regarding whether the admission related to both of the negligence claims or was limited to one of the negligence claims, summary judgment was not proper.

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.