YNEZ VILLAREAL v. THE STATE.

No. 12495. Delivered April 24, 1929.
Rehearing denied December 4, 1929.

The opinion states the case.

*H. R. Sutherland* and *I. M. Singer* of Corpus Christi, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing stills, mash and equipment for the purpose of manufacturing intoxicating liquor; punishment, one year in the penitentiary.

Upon search of appellant's premises officers found a quantity of intoxicating liquor in an outhouse; and in some haystacks they found two stills.

The sufficiency of the affidavit for search warrant was attacked. It was in the usual form and contained the following statement: "It has been reported to us (affiants) that a distillery was seen at above described place, said distillery being in operation 'on the 10–18–28." This seems in substantial accord with the affidavit held sufficient in Rozner v. State, 3 S. W. (2d) 441. In the same bill of exceptions complaining of the affidavit, complaint is made also of the testimony given by witness McAlister as to what was

found by the officers upon said search, which was also objected to upon the ground that the premises described in the affidavit and search warrant were not those actually searched, and about which the witnesses testified. To make this a good objection, the truth of its averment should appear from the bill of exceptions itself. Davis v. State, 14 Texas Crim. App. 645; Smith v. State, 90 Texas Crim. Rep. 24; Rippey v. State, 86 Texas Crim. Rep. 539; Wilson v. State, 87 Texas Crim. Rep. 538; Viley v. State, 92 Texas Crim. Rep. 395; Sparks v. State, 100 Texas Crim. Rep. 553. In the bill referred to it is stated that the testimony of the officers "was objected to by the defendant upon the following grounds, to-wit," which is followed by a statement of three grounds of objection in as many paragraphs. Whether the incriminative evidence was found upon premises other than those described in the search warrant, appears nowhere certified to as a fact in said bill, but is merely stated as grounds of objection. The testimony of the officer is set out in each bill, but nowhere in same does he state that the stills were found on premises other than those described in the warrant. The testimony set out in the bills of exception seems to indicate to the contrary. Said two bills under discussion further complain that the search warrant was served and returned by a policeman of the city of Corpus Christi, it being insisted that he was not entitled to act as a peace officer outside of said city. The record discloses that the warrant was addressed to the sheriff, or any constable, peace officer, etc. The sheriff of the county was with said policeman and participated in the search. We do not concern ourselves with who made the return upon the warrant, as such question cuts no figure in determining the admissibility of the evidence of the officers as to what they found on appellant's premises by means of said search. The sheriff testified to the things found by the party.

Bill of Exceptions No. 3 sets out substantially the same objections made to the testimony of the sheriff, as is contained in the first and second bills objecting to the testimony of the policeman, Mr. McAlister.

When the jury came into court they handed in the following verdict: "We, the jury, find the defendant Ynez Villareal, guilty of the second account of unlawfully having in his possession certain stills, mash and materials and devices for the purpose of manufacturing liquors and assess his punishment at one year in the penitentiary." The trial judge made some changes in the form of the

verdict so that it read as follows: "We, the jury, find the defendant, Ynez Villareal, guilty on the second count in the indictment, and assess his punishment at one year in the penitentiary." The verdict thus changed was read to the jury and they were asked by the court if this was their verdict. None of them making any objection, the court then said, "The verdict will be received." Complaint at this action of the court is presented in a bill of exceptions. We think it without substantial merit. Art. 696, C. C. P., authorizes the correction of informal verdicts, with the consent of the jury. We think the verdict as finally received by the court was in substance the same as before it was corrected. The reference in the verdict as brought in by the jury to the count, as the "account" would be nothing more than an error in spelling a word, where the intent and purpose of the jury were plain, and this would not have vitiated the verdict had it been left as originally written. The other matters taken out of the verdict by the court would not have affected it.

We are of opinion the evidence is sufficient. One count of the indictment charged possession of intoxicating liquor; the other, possession of stills for the purpose of manufacturing intoxicating liquor. Both searching officers swore to the finding of stills in haystacks on the premises of appellant, and the finding of a quantity of intoxicating liquor in an outhouse. As stated above, the verdict of the jury found appellant guilty of possessing the stills. The testimony showed beyond question that the stills were found on the premises of the appellant in Nueces county, Texas, and there being nothing in the record to support the proposition that the haystacks in which the stills were located, were such places of concealment as would have required the issuance of a search warrant to search for them, we deem the facts entirely in accord with and sufficient to support the judgment.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The sufficiency of the affidavit upon which the search warrant used by the officers in searching the appellant's premises is vigorously attacked by counsel for the appellant. The affidavit, reciting that the affiants (naming them) appeared, etc., states that "they have reason to believe and do believe" that within

a certain house (which is accurately described) and which is under the control of the appellant, "there is located certain property which is being used as a means of violating the liquor prohibition law, being property and implements described as follows, to-wit: Liquor Distillery (Whisky). That the particular grounds for the aforesaid belief of affiants are as follows: It has been reported to us that a distillery was seen at above described place—said distillery being in operation on the 10/18/28."

The statement in that affidavit that "it has been reported to us that a distillery was seen at above described place—said distillery being in operation on the 10/18/28," appellant in his motion characterizes as rank hearsay. The assumption that "probable cause" for the issuance of a search warrant may not arise from hearsay is a mistaken view. The exact point has been discussed at some length in the case of Henry Ruhmann v. State, No. 12,765, opinion this day handed down, in which the decision is adverse to appellant's contention.

The motion for rehearing is overruled.

*Overruled.*