## P. C. Cruze v. The State.

No. 12876.   Delivered February 12, 1930.
Rehearing denied March 19, 1930.
Reported in 25 S. W. (2d) 875.

The opinion states the case.

*Bush & Parten* of Franklin, for appellant.

*T. L. Tyson,* Co. Atty., of Franklin, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor; penalty, one year.

Operating under a search warrant officers found in the private residence of appellant a glass jar with whiskey in it. Some few hours previous to that the officers had given one McAllister two one dollar bills and two quarters. In a little while he came back to the officers with a quart of whiskey. This was in the nighttime and they were at that time about 250 yards from appellant's residence. McAllister testified that he purchased this liquor from appellant, using the money given him by the officers. He also testified to the purchase of a gallon of liquor by him and his brother from appellant about two days previous to this time. McAllister's testimony was limited by the Court in his charge as showing, if it did, that appellant possessed the whiskey found by the officers for the purpose of sale, the latter transaction being the one upon which the State stood for a conviction.

Appellant's counsel have filed an able brief.

The illegality of the affidavit and search warrant is presented by proper bills of exception, it being claimed that the evidence of the searching officers as to what was found in appellant's residence was inadmissible because of the insufficiency of the instruments aforesaid in the following particulars: (1) The premises of appellant were

not sufficiently described, and (2) the said instruments failed to show that the residence of appellant was a place where intoxicating liquors were sold or manufactured, as demanded by Art. 691, P. C. The particular portion of the instrument under attack is as follows: ". . . a certain . . . building located in Robertson County, Texas, and particularly described as follows: the residence and buildings appurtenant thereto occupied by P. C. Cruze, which said place one P. C. Cruze has charge and control of, there is located certain property which is being used as a means of violating the prohibition laws of the State of Texas, being property and implements described as follows, to-wit: whiskey and other intoxicants, and containers and a still, coil, cooker, etc. That the particular facts and ground for the aforesaid belief of affiant are as follows: Affiants are informed by reliable parties that liquor was purchased at said residence on April 1 and April 3, 1929, and a portion of said liquor is now in affiants' possession, and affiants personally know that said liquor came from said residence."

The description of the place to be searched, though somewhat meager, is in our opinion sufficient to identify it. Watson v. State, 9 S. W. (2nd) 265; Cornelius on Search and Seizure, Paragraph 119; People v. Czckay, 188 N. W. 376; People v. Schuitema, 231 Mich. 678. Likewise, we think the last allegation quoted above is sufficient under our decisions to charge that intoxicating liquor was sold at a private residence as required by Art. 691, P. C. Villareal v. State, 21 S. W. (2nd) 739; Penny v. State, No. 12889, not yet officially reported.

Searching officers arrested appellant at his residence when the liquor in question was found and searching his person, they discovered two one dollar bills and two quarters. The reception of this evidence was objected to because the money was not identified as being that given witness McAllister a short time prior to the search of appellant's person. The objection, we think, goes to the weight rather than the admissibility of the evidence.

Objection was made to the testimony of the searching officers that appellant's wife broke the jar of liquor in question a few minutes after its discovery while the appellant was present. This testimony was admissible because the non-production in court of the liquor found had to be accounted for and further because it sufficiently appears that this was a res gestae act of a participant in the transaction relied on by the State for a conviction. Cook v. State, 3 S. W. 749; Underhill's Criminal Evidence (3rd Ed.), Paragraph 168.

The Court gave the customary charge on prima facie evidence of guilt, conditioning the same, however, on a finding by the jury that appellant was in the possession of more than a quart of liquor. This was objected to because the evidence fails to show that appellant was in possession of more than a quart. One of the officers testified that he thought there was more than a quart of liquor in the jar found. The testimony of other officers made the matter somewhat indefinite and the Court sufficiently protected appellant by submitting the question of there being more than a quart as a fact to be found by the jury before any presumption of guilt would obtain.

The most serious question in the case is the alleged error of the Court in permitting appellant's wife to be cross-examined as to new matters not brought out by appellant in his examination of her and which it is claimed had the effect of compelling the wife to give testimony against the husband. The background of this matter is that appellant introduced her as a witness, questioning her only as to the truth of the two sales testified to by McAllister, but not going into the transaction testified to by the officers. The substance of her testimony was a denial of the truth of McAllister's testimony in toto. She admitted, however, that on his last visit he was given a quart of whiskey but claimed that the same was not paid for by the delivery of two one dollar bills and two quarters, as claimed by McAllister. The effect of this was to admit the presence of a quart of whiskey on appellant's premises prior to the date of the alleged offense. On cross-examination she was required, over objection, to answer that at the time of the search she stated in the presence of the searching officers that she didn't know the whiskey in question was there, that it was all the liquor that had ever been there and if she had known it was there, she would have broken it. Her statement that this was all the liquor that had ever been there was in express contradiction of her testimony on direct examination to the effect that a few hours previous to this McAllister had gotten at this residence a quart of liquor. This was admissible as affecting her credibility as a witness, but the State could not prove by her this fact as original evidence of appellant's guilt and this should have been limited by the Court in his charge to the purpose for which it was admissible. Exon v. State, 26 S. W. 1090. Such question, however, was not raised until motion for new trial, which came too late. Arts. 658 and 666, C. C. P., require questions relating to errors in the charge to be raised at the proper time during the trial. The objection to these statements was general, and if there appears in-

admissible portions, they were not singled out so as to give the trial court an opportunity to rule separately on these. The statement quoted being admissible as affecting the wife's credibility, and the others not being specifically separated from this admissible portion and objected to, the matter as presented does not constitute such error as requires a reversal. Branch's P. C., Sec. 211; Payton v. State, 35 Tex. Crim. Rep. 510.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The affidavit for search warrant sufficiently described the premises to be searched under the following cases: McTyre v. State, 19 S. W. (2d) 49; Hernandez v. State, 4 S. W. (2d) 82; Watson v. State, cited in our original opinion.

Appellant's wife was a witness for him. If she was equally with him engaged in the illegal enterprise of possessing and selling intoxicating liquor, her purpose and motive as a witness would be affected by proof thereof. To show her interest in the enterprise, the fact that she destroyed the container of liquor found by the officers, was provable. Her acts as well as statements would be receivable under the res gestae rule. Baird v. State, 13 S. W. (2d) 832. This in addition to the reasons advanced in the original opinion, for the admission of the testimony regarding her breaking such jar of liquor.

The raiding officers found one McAllister under the influence of intoxicating liquor. Later they went to appellant's house, taking McAllister with them. A short distance from said house they gave McAllister two one dollar bills and two silver quarters with which he went to appellant's home, presently returning with a quantity of intoxicating liquor. Testifying, McAllister said he gave said money to appellant for the jar of whisky which he brought back to the officers. They went to appellant's house, arrested and searched him, and found in his pocket two one dollar bills and two silver quarters. The admission of testimony of these facts was clearly correct.

We have again reviewed the record in regard to the supposed error in the cross-examination of appellant's wife by the State's

attorney, but have been unable to agree with appellant's contention as to same. She testified on direct examination that McAllister was at her home on two occasions before the one upon which he was accompanied by the officers. She admitted that on one of these occasions he got intoxicating liquor, but denied that he got same on the other. We fail to see the force of appellant's objection to her admission on cross-examination that she did not allow whisky to be kept in their house, that she would either pour it out or break it up. We perceive no reflection therein upon the credibility of the witness. We further fail to find in the list of exceptions to the court's charge any objection to the failure or refusal of the court to limit this testimony to the question of impeachment of the wife.

The motion for rehearing is overruled.

*Overruled.*