BESSIE MAE RHODES, *alias* BESSIE MAE LEWIS, v. THE STATE.

No. 19565. Delivered March 30, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

*J. A. Veillon* and *D. F. Sanders,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for possession of untaxed liquor; punishment, a fine of $100.00.

The record shows that on August 11, 1937, agents of the Texas Liquor Control Board searched appellant's home, under and by virtue of a search warrant. Approximately one-half gallon of whisky was found in containers, bearing no seal, stamp or other evidence showing that the tax had been paid to the State.

Upon the trial of the case, appellant objected to all of the evidence discovered as a result of the search, because the description of the premises in the warrant was at variance with the actual location of her home. The part of the search warrant objected to reads as follows:

" * * * A certain one story frame house located on Washington Street and being the first house NE of 950 Washington Streets and being located between Holmes and Archie Streets in the City of Beaumont, Jefferson County, Tex.," etc.

The testimony showed that the house which the officers searched was the first house NE of 950 *Gilbert* Street. That Gilbert Street was formerly known and designated as Washington Street, but its name had been changed in 1931 to Gilbert Street. Most people, however, knew that Gilbert Street was formerly designated as Washington Street and most people, when they spoke of Gilbert Street, referred to it as Washington Street.

It is true that a search warrant which does not sufficiently describe the premises to be searched is invalid. However, it is said in Tex. Jur., Vol. 38, p. 56, Sec. 33:

"While the warrant must particularly describe the place to be searched, the description need not be precise or technically accurate; all that is required is that there be sufficient definiteness to enable the officer to locate the property and to distinguish it from other places in the community."

The rule is aptly stated in a Massachusetts case:

"When in a criminal complaint, a descriptive averment designates a street by a name other than that given it by the municipal authorities, proof is competent that it is known by the one name as well as by the other; and evidence of persons living in the neighborhood and using the street for years, that they never heard it called by another name than that given in the complaint is sufficient." See Commonwealth v. Certain Intoxicating Liquors, Albert R. White, Claimant, 113 Mass. 208.

In the instant case, the premises to be searched are described as a one story frame house, located on Washington Street, between Holmes and Archie Streets and being the first house NE of 950 on said street. If neither Washington or Gilbert Streets had been mentioned by name in the warrant, the same would have been sufficiently definite to have enabled the officers to locate the place. They could first have located Holmes and Archie Streets, and then located the street between the two. Then they could have gone to the first one story frame house NE of 950 on said unnamed street.

It is a well recognized axiom of law that that is certain which can be made certain. In the matter of the description of the place under discussion, it seems to us that the officers could have located the house without serious difficulty even if the name of the street in question had been entirely omitted from the warrant.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains of our reasoning in the original opinion herein wherein we may have indulged in dicta where we said:

"If neither Washington nor Gilbert Streets had been mentioned by name in the warrant, the same would have been sufficiently definite to have enabled the officers to locate the place. They could first have located Holmes and Archie Streets, and then located the street between the two. Then they could have gone to the first one story frame house NE of 950 on said unnamed street."

We are convinced that the above quoted portion of such opin-

ion was not necessary to its proper rendition. It is therefore withdrawn.

We still predicate the question of description upon the evidence in the statement of facts that what is designated as Gilbert Street on the map of the city of Beaumont is also called Washington Street, and is commonly known by either name. So believing, the earlier reasoning in the original opinion herein is sound, and it is an easy procedure to locate where such Washington Street crosses Archie and Holmes Streets, and then to locate the premises complained of.

The motion for a rehearing will be overruled.