## J. F. TRIMMER v. THE STATE.

No. 19889.   Delivered June 15, 1938.
Rehearing denied October 19, 1938.

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

On the 26th of January, 1938, appellant and his nephew, Gene Gann, went to the home of W. B. Hurley about sundown and remained there until 8:30 P. M. During their visit they were with Mr. Hurley near his wheat granary and harness house. There was a ten-inch belt in the granary together with other of Mr. Hurley's property. As appellant and his nephew walked about the premises they left plain tracks. Appellant was wearing shoes with worn heels, and his nephew had on practically new slippers. They also had their car on the premises, which, according to the testimony of Mr. Hurley, left four "pickup tracks on the ground." Before going to bed Mr. Hurley closed the granary. He testified: "Yes, I did latch that door at that time. I know that very much. I know that I latched it." Upon going to his granary the following morning, he discovered that it had been

burglariously entered. The door was open and his ten-inch belt was gone. He observed some new tracks. He testified: "I found some tracks just exactly like the others. I first noticed the tracks at the granary and I traced them right up to the granary and opened the door and this belt was gone." Moreover, he found tracks of an automobile similar to the tracks that had been made by the car of the appellant the night before. He testified, in effect, that the tracks of the two men were exactly like the tracks appellant and his nephew had previously made in the vicinity of the granary when they visited him.

Shortly after discovering that his granary had been burglarized Mr. Hurley went to Castro County, where appellant lived. Procuring a search warrant, he accompanied officers to the home of appellant and there a search of the premises was instituted. Appellant was not present at the time. The stolen belt was found in appellant's barn, which was not far removed from his residence.

The foregoing constitutes the substance of the testimony adduced by the State.

Appellant did not testify, and the record presents no affirmative defensive theory.

Several bills of exception relate to appellant's objection to the testimony of Mr. Hurley and the officers touching the result of the search. The affidavit for the search warrant was insufficient in that it was made upon information and belief, and contained no statement of facts and circumstances constituting probable cause. The State relied upon the fact that appellant's adult son gave his consent to the search. Appellant introduced his son's wife, who testified, in effect, that she and her husband were mere employees of appellant. It is appellant's position that, under the circumstances, the consent of the son was not binding upon him. We deem it unnecessary to decide the question. It is observed that Mr. Hurley testified without objection on the part of appellant as follows: "When I saw this belt, at the defendant's place, in Castro County, Texas, it had tar in this little place there. * * * And the belt that we found I found to be the same that I have previously described in this case. * * * This belt that I found at the defendant's place the next day it had this place on it just like my belt did. It had the same kind of marks. * * * The belt that we found was the same belt that I saw in my granary the day before." It is true that a portion of Mr. Hurley's testimony not embraced in the foregoing quotation was objected to, that is to say, that when he was first interrogated by counsel for the State he was asked:

"Tell the jury whether or not while at Trimmer's place you found or saw your belt?" He replied: "Yes." This was the only testimony given by the witness to which objection was interposed. Thus it appears that without objection he gave substantially the same testimony as that complained of in the bill of exception. Under the circumstances, reversible error is not presented. We quote from 4 Tex. Jur. 587 as follows: "It is a general rule also that the admission of improper evidence does not constitute reversible error if the same facts were proved by other and proper testimony or by evidence which was not objected to, * * * ." In support of the text many authorities are cited, among them being Hathcock v. State, 16 S. W. (2d) 821. See also Lawler v. State, 9 S. W. (2d) 259; and Scott v. State, 105 S. W. (2d) 242.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains in his motion for rehearing because we did not pass upon the question raised by his bills of exception. A review of the record confirms our view that it became unnecessary to decide the question raised for the reasons given in our original opinion.

The record reveals that appellant was not present when officers searched his premises by consent of his son. The bill of exception complaining of evidence as to the result of the search set out a part of the direct testimony of the son's wife as showing that the son had no authority to give such consent. The learned trial judge qualified the bill by making a part thereof the entire evidence of the son's wife both on direct and cross-examination as to the extent of the son's authority in the absence of the father. In the light of such entire testimony it is extremely questionable whether evidence as to the result of the search could be properly excluded on the ground that the son was without authority to consent to the search. However, we pretermit any further discussion of the subject or definite holding thereon for the reasons advanced in our original opinion.

Appellant's motion for rehearing is overruled.