# MARCH 1, 1944

### WILLIE CRUMPTON V. THE STATE.

No. 22763. Delivered March 1, 1944.

The opinion states the case.

*Gray Browne,* of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing beer for the purpose of sale in dry area, punishment assessed being a fine of $200.00.

The offense is alleged to have occurred in Taylor County, Texas. It was agreed that said county was "dry area." The evidence shows that officers procured a search warrant under which they found in appellant's house eighteen quart bottles of beer, each containing 32 ounces. Several of the bottles were iced in a tub. Two men were present drinking beer, and some beer in glasses on a table. Several empty beer cases were found outside the back door.

Bill of exception number one reveals that when the State proposed to prove what was found as the result of the search appellant objected on the ground that the search was not made under a valid warrant. In the absence of the jury there was exhibited to the trial judge the affidavit and warrant in each of which the property sought to be searched was described as follows: "A certain private dwelling, located in Taylor County, Texas, described as a dwelling located at 718 North 9th St., in the City of Abilene, Taylor County, Texas, and being the premises of Willie Crumpton." Further investigation developed

that a few days after the search appellant's attorney went to North 9th Street looking for appellant, and inquired for him at a house bearing number 718, and was informed that appellant did not live there, but lived at another house which was located on the second lot east, with a vacant lot between them. The house of Willie Crumpton was also numbered 718 at which place his attorney found him. The objection to the evidence was predicated on the fact that there were two houses on North 9th Street numbered 718. Under the circumstances if there had been no further identifying description of the place to be searched than No. 718 on North 9th Street, the point raised might have been troublesome, but it was made clear both in the affidavit and warrant that the number 718 directed to be searched was the "premises of Willie Crumpton." No error is shown in admitting the evidence.

Complaint is brought forward in bill of exception number two because the county attorney in argument said to the jury: "The officers, acting on reliable information obtained a search warrant to search this defendant's premises." The objection was that the statement was the unsworn testimony of the county attorney, there having been no evidence as to reports and information concerning the defendant and his premises. The county attorney made no statement to the jury as to what the information was upon which the officer acted. There was proper evidence before the jury that the officers made the search under a warrant, and also evidence of what was found as a result of the search. It occurs to us that the argument complained of was a natural deduction from the evidence before the jury rather than a statement of new facts.

It appears from bill of exception number three that the trial judge gave an oral charge to the jury in which he instructed them regarding the provision of Sec. b. Art. 667 P. C., which reads: "Possession by any person in any dry area of beer in any quantity exceeding twenty-four (24) bottles having a capacity of twelve (12) ounces each shall be prima facie evidence of possession for the purpose of sale in a dry area."

There was no request for a written charge. The charge having been oral, of course, we have no way of knowing in what language it was couched. The objection was because there was no evidence that appellant was in possession of any 12 ounce bottles of beer, but only 32 ounce bottles. It appears to be appellant's construction of the provision quoted that unless the beer was in *12 ounce* containers that section b, Art. 667 would

have no application, regardless of the total amount of beer found in appellant's possession. That such a construction is not that which we think proper is clear from what was said in McChristy v. State, 140 Tex. Cr. R. 475, 145 S. W. (2d) 873. Twenty-four bottles of 12 ounce capacity would be 288 ounces. Appellant had 18 bottles with 32 ounce capacity each, or a total of 576 ounces. The quantity exceeded that allowed in Sec. b. Art. 667 before the prima facie rule of evidence would apply.

No error appearing upon which a reversal can properly be predicated the judgment is affirmed.