## JAMES M. STEVENS V. STATE.

No. 26,512. December 9, 1953.

*Spence and Rexford,* by *James E. Rexford,* Wichita Falls, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for robbery, with punishment assessed at five years in the penitentiary.

Harber operated, for the owner, a filling station in that part of the city of Amarillo which lies in Randall County. About one o'clock, a. m., on August 27, 1952, three masked and armed men robbed Harber, taking from the filling station the cash register, which contained about $40 in money, including $12 in nickels wrapped in six rolls of $2 each. Harber was unable to identify any of the robbers.

By virtue of a search warrant, officers searched the residence of the appellant on the second day after the robbery and found in a dresser drawer in "the east bed room" thereof six rolls of nickels. Appellant was not at home at the time of the search.

The witnesses for the state were unable to make positive identification of those rolls of nickels as having been taken in the robbery; they did testify, however, to facts showing similarity in color and folding of the wrappings which would authorize a jury to conclude that the six rolls of nickels so found were those which were taken in the robbery.

The finding of the six rolls of nickels in appellant's residence was a fact of material importance in the establishment of the state's case.

The admissibility of that testimony was challenged by appellant, who urges that the search warrant under which officers made the search was invalid, the chief grounds of objection being that the affidavit for and upon which the search warrant was based was made upon information and belief and did not evidence probable cause for the issuance of the warrant.

The affidavit reads as follows:

"The State of Texas  }  (Initialed at top with pen and
"County of Randall  {   ink) : 'Mrs. W.J.F. 11-24-52'

"I, Homer Ewton, do solemnly swear that on or about the 26th day of August, A. D. 1952, in said County and State, James M. Stevens did fraudulently take from the possession of Marvin Harber, without his consent with intent to deprive him of the

value thereof, and to appropriate the same to his own use, certain personal property in the care, custody and control of the said Marvin Harber, to-wit:—one cash register together with $40.00 in lawful current money contained therein, and I have cause to believe and do believe that the said property is now concealed by James M. Stevens in a certain house situated in said County and State, and described as follows:

"Residence at 4210 Gables Street, Amarillo, Randall County, Texas.

"My belief is based on the following facts:

"Evidence that James M. Stevens together with other persons committed the offense of armed robbery on the said Marvin Harber on the date stated above and by such robbery took the above described property from his possession without his consent.

"Wherefore, I ask that a warrant to search for and seize the said property be forthwith issued in accordance with the law in such cases provided.

"S/Homer Ewton.

"Sworn to and subscribed before me by Homer Ewton on this the 29th day of August, A. D. 1952.

"S/Mrs. W. J. Flesher, Justice of the Peace,
Precinct No. 4, Randall County, Texas."

It may be said that the affidavit is composed of three separate divisions: (First) The affidavit contains the direct and positive statement that appellant committed the crime of theft in stealing a cash register and $40 from Harber. (Second) The affiant expresses the belief that the stolen property was concealed by appellant in a certain residence in Amarillo. Note is to be taken of the fact that it is not alleged that it was appellant's residence or that appellant was either the owner, occupant, or person in charge of said residence, nor is the name of the owner, occupant, or person in possession given or stated to be unknown. (Third) The place where the stolen property is alleged ot be concealed is shown as being upon information and belief, only. No facts are stated by which the magistrate might have concluded that probable cause there existed to authorize and warrant the issuance of the search warrant.

While it is true that affiant states that the information and

belief referred to are based upon evidence that Stevens and others took the property in a robbery, these facts do not constitute probable cause for belief that such property was concealed in the residence described in the affidavit. Such expression, therefore, does not constitute a statement of facts evidencing probable cause authorizing the issuance of the search warrant to search the premises named.

Our Constitution, by Art. 1, Sec. 9, prohibits the issuance of a search warrant upon information and belief. See, also, Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095.

A warrant to search a private residence must be based upon an affidavit evidencing probable cause for its issuance. McLennan v. State, 109 Tex. Cr. R. 83, 3 S. W. 2d 447.

The receipt in evidence of the property found in the home of the accused as the result of illegal search requires a reversal of the conviction. Art. 727a, V. A. C. C. P.; Davis v. State, 113 Tex. Cr. R. 421, 21 S. W. 2d 509.

In the light of the special charges that were given, we are unable to agree that the law requiring corroboration of accomplice testimony was not properly given in the charge to the jury.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.

GRAVES, Presiding Judge (Dissenting).

This case depends mainly upon a certain search warrant which it is claimed in the opinion did not evidence probable cause for the issuance of such warrant.

In the first place, it is the writer's contention that this search warrant was issued under Article 325, C.C.P. The opinion in this case attempts to base the fallacy in the issuance of this warrant upon the lack of probable cause not being shown therein.

Article 325, Vernon's C.C.P., reads as follows:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and

bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, *be reasonable ground to suppose the property to be stolen,* and the seizure must be openly made and the proceedings had without delay."

It may be contended that reasonable ground takes the place of probable cause in such cases as this. See Constant v. State, 155 Tex. Cr. Rep. 6, 229 S.W. (2d) 791, and cases there cited.

It will be observed that the warrant itself was for the recovery of certain personal property taken from Marvin Harber, to-wit: one cash register, together with $40.00 in lawful current money contained therein, and same was alleged to have been concealed at 4210 Gables Street, Amarillo, *Randall* County, Texas. The belief that such is there contained is based on the following facts: "Evidence that James M. Stevens together with other persons committed the offense of armed robbery on the said Marvin Harber on the date stated above and by such robbery took the above described property from his possession without his consent."

True, it is not shown in said affidavit therefor that probable cause existed, or what would constitute such probable cause, unless same is found in the last clause therein, but it does evidence the fact that the affiant who signed the affidavit therefor had reasonable ground to believe that James M. Stevens had this property concealed in the residence at 4210 Gables Street, in Amarillo, Texas, and that same was believed to have been stolen.

It is not necessary that such evidence be set forth in the request for a search warrant nor in the search warrant. This has often been held in many cases.

The operation of Article 325, supra, being older than the subsequently enacted search and seizure law, should at least be construed within its patent intendment. See Hammond v. State, 121 Tex. Cr. R. 596, 49 S.W. (2d) 779.

The affidavit for a search warrant is practically a complaint that the accused took this property from the person in possession thereof without his consent and that same was therefore stolen; and nowhere in said warrant or in the affidavit therefor

is it alleged that an effort was being made to locate testimony that might be useful in the endeavor to ascertain the identity of the robbers, but only for the purpose of preventing the consequences of theft and to return to its proper owner the cash register and certain money that had been taken by the robbers.

Naught is said in the statute relative to probable cause, and naught is said in any of the statutes relative to search warrants, beginning with Article 304, C.C.P., and ending up under Title 6; and probable cause is not therein found to be mentioned. It is found only in the Constitution.

Article 315, C.C.P., sets forth four requisites for a search warrant to seize property supposedly stolen and concealed, as follows:

"1. That it run in the name of 'The State of Texas.'

"2. That it describe the property alleged to be stolen or concealed, and the place where it is alleged to be concealed, and order the same to be brought before the magistrate.

"3. That it name the person accused of having stolen or concealed the property; or, if his name be unknown, that it describe him with accuracy, etc.

"4. That it be dated and signed by the magistrate, and directed to sheriff or other peace officer of the proper county."

It is evident that the warrant herein proffered contains all these constituent elements set forth in the statute. The warrant runs in the proper name; it describes the property alleged to have been stolen; it names the person accused of having stolen the property; and it is signed by the magistrate.

It goes further, however, and states that the affiant *has evidence* that the appellant, together with others, committed the offense of armed robbery on the date set forth and by this robbery took the above described property from the possession of the person robbed. The only other thing he could have said was that he had been told by two of the persons who participated in the robbery that the fruits thereof were concealed at the home of the appellant.

It has often been held that even for probable cause, it is not necessary to give the extent of the information or the name of the person who offered it.

Under these circumstances, the writer is unable to see where there is any fault to be found with the affidavit for the search warrant or the search warrant itself.

In 38 Tex. Jur., pag 46, sec. 25, it is said:

"The sufficiency of the facts stated in the affidavit to show probable cause is primarily for determination by the magistrate and he must pass on the truth of the information alleged therein. If a search warrant has been issued, this implies a belief by the magistrate in the truth of the affiant's statements.

"As to whether there was probable cause to issue the warrant is a question to be determined from the face of the affidavit and not from evidence aliunde."

The statute only requiring reasonable grounds to believe the sought-for property was stolen, the writer thinks that requisite has been fully met.

It is stated in the original opinion herein that our Constitution, by Article I, Section 9, prohibits the issuance of a search warrant upon information and belief. With that I do not agree. However, I do agree that a search warrant cannot be issued upon information and belief alone, but, of course, the information and belief must enter into all warrants—search warrants or otherwise—that are issued unless the person filing the affidavit for such warrant was an eye-witness to the transaction.

Article I, Section 9 of the Constitution reads as follows:

"NO UNREASONABLE SEIZURES AND SEARCHES ALLOWED.—The people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation."

It is under the phrase "nor without probable cause" that our disagreement usually arises.

In the present instance, the writer thinks that the affiant was possessed of certain knowledge that caused him to have probable cause in saying that this property searched for was contained in the residence at "4210 Gables Street, Amarillo, Randall County, Texas," and that the said Homer Ewton (affiant)

has cause to believe that the said property is now concealed by the said James M. Stevens in a residence at 4210 Gables Street, situated in said County of Randall. Unquestionably, a portion of this statement is based upon information and belief, but not entirely so because the affiant swore that he had *evidence* to that effect at the time he requested the issuance of such search warrant. My brethren are disturbed over the fact that the affidavit for the warrant does not allege that No. 4210 Gables Street was the residence of appellant. If such was not the property of appellant, then he had no reason to object to a search thereof.

In Seale v. State, 114 Tex. Cr. R. 521, 26 S.W. (2d) 275, it is held that an affidavit for a search warrant was not insufficient because made solely on information and belief, and also that the existence of probable cause may be based upon hearsay.

The cases of Ruhman v. State, 113 Tex. Cr. R. 527, 22 S.W. (2d) 1069, and Villareal v. State, 113 Tex. Cr. R. 442, 21 S. W. (2d) 739, also hold that probable cause may arise from hearsay.

It was held in the case of Ware v. State, 110 Tex. Cr. R. 90 7 S.W. (2d) 551, that probable cause based upon information and belief is not sufficient, unless the facts upon which the belief is based are set out in the affidavit in order that the magistrate may be the judge as to whether or not probable cause exists for the issuance of the warrant.

It will be observed that the probable cause set forth in the affidavit in the present case says that the witness has "evidence" that this property is concealed in said house at such time.

It is also observed in the Ware case, supra, that the main reason for setting out what constitutes probable cause is for the purpose of satisfying the magistrate relative to whether or not the warrant should issue.

We quote from 33 Corpus Juris, p. 676, par. 371, sec. 3, as follows:

"Where an affidavit, upon which a warrant was issued, contains positive averments of facts justifying the issuance of the warrant, its validity is not affected by proof aliunde that the facts therein positively stated were in reality stated upon information and belief."

In 79 Corpus Juris Secundum, p. 910, sec. 87, it is said:

"As a general rule the determination by the issuing judge or officer of the question of fact that probable cause existed for the issuance of a search warrant is not reviewable."

See Aguirre v. State, 109 Tex. Cr. R. 584, 7 S.W. (2d) 76; also Coleman County Country Club, Inc., v. State, (Tex. Civ. App.), 236 S.W. (2d) 558; and Bowen v. Commonwealth, 199 Ky. 400, 251 S.W. 625, and cases there cited.

The purpose of the affidavit is for the satisfaction of the issuing magistrate, and it is usually not a question to be determined upon the trial of the case whether or not the magistrate had sufficient evidence before him to justify the issuance of the warrant.

In Rozner v. State, 109 Tex. Cr. R. 127, 3 S.W. (2d) 441, this court held that it must appear from the record that there has been an abuse of discretion upon the part of the magistrate in holding the facts sufficient for the issuance of the warrant. From the opinion, we quote:

"In other words, this court is of the opinion that when an affidavit presented to a magistrate upon which he is asked to issue a search warrant contains a statement of the facts to which the affiants make oath, that the sufficiency of the facts thus stated is primarily for the magistrate, and that he has a discretion in the premises, and that his action in determining such facts sufficient to form the basis for the issuance of the warrant will not be reviewed by this court unless it appears to us that there has been an abuse of the discretion thus confided to the magistrate, and that no facts appear in such affidavit."

Relative to the sufficiency of the affidavit for a search warrant, this court, in Alexander v. State, 123 Tex. Cr. R. 65, 57 S.W. (2d) 157, held as sufficient the following affidavit:

"This affidavit is based upon the following facts, circumstances and information, to-wit: That said residence is a place where intoxicating liquors are manufactured or sold in violation of the laws of this state."

Being convinced that the affidavit in the present case is in proper form and that the warrant should have been issued, I respectfully dissent to the reversal of this cause for the reason set forth in the main opinion.