## AARON GAINES v. STATE

No. 27,493. March 23, 1955
Rehearing Denied May 4, 1955

Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) June 1, 1955

*J. W. Reid* of *Reid & Reid,* and *Theo Ash,* Abilene, for appellant.

*Firman H. Smith,* County Attorney, Brownwood, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon a jury trial appellant was convicted for possession of

beer in a dry area for the purpose of sale, and assessed a fine of $500.00 and one year in jail.

The sole question presented is the claimed error in the admission of the beer found in appellant's possession and the evidence relating thereto.

W. V. Ray, agent of the Texas Liquor Control Board, testified that he proceeded to a house on Bailey Street, immediately across the street from appellant's home at 604 Bailey Street in Brownwood, at about 4:30 p.m.; that he saw appellant get in his car and leave. Some hour later appellant returned, drove his car in his driveway and got out, "went back and opened the door of his car and Mr. Middleton and I saw him take what appeared to be a case of beer out of his car and go to a little house immediately behind his house. Middleton and I proceeded up into the defendant's driveway, on his premises where we looked in the car and could see that there was a case of beer therein, and we proceeded on around to the back of defendant's house, where we saw the defendant in a little house immediately behind his house, open a case of beer and take therefrom three (3) quart bottles and proceeded to take them into the back door of his home at 604 Bailey Street."

When appellant started out of the house he was handed a copy of the search warrant which the officers had and the house and premises were searched. Three quarts of beer were found in appellant's home, and nine quarts were found in a house on the premises which was owned by appellant but occupied by his brother. Eleven quarts of beer were taken from appellant's car.

The sole question raised by appellant's brief and argument relates to the sufficiency of the search warrant, because of this: the place to be searched was described in the search warrant as a residence located at 604 Bailey Street in Brownwood, occupied by appellant. The typewritten warrant and the copy served on appellant thus correctly described the premises searched. Appellant points out that the final letter "y" in Bailey had the appearance of having been typewritten over the letter "s."

In the affidavit upon which the warrant was issued, however, the name of the street was typewritten Bailes, the letter "y" appearing to have been written with pencil over the final letter "s" in the original, but the copy delivered to appellant was not changed.

It is upon this discrepancy and the fact that there was no showing when the pencil change was made on the original affidavit that this court is asked to reverse the conviction.

In the first place, the officer's testimony above quoted, which was corroborated by that of Deputy Sheriff Middleton, appears to be sufficient to show that the officer, prior to making the search, observed appellant in possession of a sufficient amount of beer to raise the presumption of its being possessed for sale.

According to the officer, they saw appellant drive into the driveway—saw him take what appeared to be a case of beer out of his car and to the little house; they saw a case of beer in the car, and saw appellant open a case of beer and take three quarts therefrom into his house.

What the officers observed there in the yard and driveway appears to have been admissible without a search warrant.

Nine quarts of beer were found in the small house owned by appellant. He is in no position to complain of this because his witness testified that it was in the house.

In any event the affidavit was referred to and made a part of the warrant and it is apparent that there had been a typographical error made which was corrected and the premises searched was the identical premises for which a search warrant was sought in the affidavit and authorized in the warrant.

The evidence shows that there was no Bailes Street in Brownwood, and that the officers and witnesses were well acquainted with the fact that appellant resided at 604 Bailey Street.

The occupancy and ownership of the premises as stated in the affidavit may be looked to in aid of the description given. Crumpton v. State, 147 Texas Cr. Rep. 54, 178 S.W. 2d 273; Wood v. State, 156 Texas Cr. Rep. 419, 243 S.W. 2d 31; Jamison v. State, No. 27301, (page 428 of this volume).

For the reasons stated we find no error in the admission of the testimony.

The judgment is affirmed.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant contends that he was forced to proceed to trial without the benefit of counsel.

From the statements of fact of the trial on the merits and the hearing on the motion for new trial, the following facts are apparent. The appellant was convicted in June of 1954 in the county court of Brown County and assessed a fine and jail sentence. Appellant appeared before the judge of said court in order to enter into an appeal bond from such conviction and at the same time plead guilty to another offense, and his punishment was assessed at a fine. At this time a conversation took place between the appellant, his counsel, the county attorney, and the judge, in which the instant case was discussed. The appellant's counsel told the county attorney that the search warrant in the instant case was no good and told the appellant that if the county attorney found out that the search warrant was bad he would not try the case. Appellant testified that he relied upon this statement of his attorney and made no effort to employ counsel or follow the progress of his case.

Two notices were published in a Brownwood newspaper stating that on September 15, 1954, there would be a call of the docket of the county court of Brown County. The appellant did not appear on September 15, and his case was set for October 8, 1954. Appellant did not appear on said date, and the court sent the officers for him. When the appellant arrived in court he was given "five or ten minutes" to secure the services of an attorney, but, though he telephoned two attorneys, he was unable to secure their assistance, and the case then proceeded to trial.

Appellant's counsel would have us hold that his statement to appellant "that if the county attorney found out the search warrant was bad he wouldn't try the case" relieved the appellant of all responsibility to employ counsel in his own behalf. We are not prepared to so hold. Appellant's attorney told his client, in effect, "I don't think the State can convict you and if the county attorney comes to the same conclusions he will not try your case," and nothing more. This did not relieve the appellant of the responsibility of employing counsel and making an effort to determine when his case would be tried.

In connection with appellant's first contention concerning the legality of the presence of the officers upon his premises and the admissibility of what they saw there before entering appellant's home, attention is directed to the holdings of this court in Crowell v. State, 147 Texas Cr. Rep. 299, 180 S.W. 2d 343, and Eversole v. State, 106 Texas Cr. Rep. 567, 294 S.W. 210.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.