## VIRGIL FRANKLIN V. STATE

No. 28,387. June 13, 1956.

J. W. Reid of Reid & Reid, Abilene, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of whisky and gin in a dry area; the punishment, a fine of $800.

Under authority of a search warrant, appellant's home was searched on January 7, 1956. Three pints and two half-pints of whisky and two half-pints of gin were found hidden in the hen house.

The affidavit for the issuance of the search warrant described the premises to be searched as "a certain private dwelling, located in Fisher County, Texas, described as (a) Virgil Franklin residence, Block 153, in the original town of Rotan, Texas and being premises occupied by, in charge of and under the control of Virgil Franklin."

The contention that the search warrant was invalid be-

cause the premises to be searched was not sufficiently described is overruled. More meager descriptions of the places to be searched were held sufficient in Cruze v. State, 114 Tex. Cr. R. 450, 25 S.W. 2d 875, and in Watson v. State, 110 Tex. Cr. R. 199, 9 S.W. 2d 265. See also Crouch v. State, 136 Tex. Cr. R. 162, 123 S.W. 2d 904.

The state having proved the finding of the whisky and gin then offered the judgment in Cause No. 5,584, dated December 15, 1953, wherein Virgil Franklin was convicted in the same court for the sale of whisky in a dry area.

Appellant's objection to this testimony on the ground of remoteness should have been sustained. Jackson v. State, 135 Tex. Cr. R. 140, 118 S.W. 2d 313.

The evidence as to such prior judgment of conviction was also inadmissible because appellant was not identified as the defendant in said cause.

The judgment is reversed and the cause remanded.