## BILLY JOE HELTON V. STATE

No. 28,727. February 20, 1957.
State's Motion for Rehearing Overruled
(Without Wɹitten Opinion) April 10, 1957.

*Charles W. Tessmer,* Dallas, for appellant.

*Henry Wade,* District Attorney, *William F. Alexander, George P. Blackburn,* and *Frank Watts,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, 11 years.

In view of our disposition of this case, a recitation of the facts will not be deemed necessary other than to observe that the officers searched a residence under and by virtue of a search warrant. At the time the evidence was offered, it was objected

to, among other grounds, as follows: "The warrant issued in this case is invalid because it does not meet the requirements of Article 1, Section 9, of the Constitution of the State of Texas nor the requirements of Article 310, C.C.P. * * * We further allege that the search warrant and affidavit are invalid because it is vague and defective in describing the premises to be searched." We quote the pertinent part from the affidavit and the search warrant: " * * * in a (6) residence situated in Dallas County, Texas at (7) 719 Bonnie View which said (5) Billy Joe Helton occupies, possesses, controls and has charge of." We are not so concerned with the failure to state whether Bonnie View is a street, avenue or boulevard, but the entire absence of any mention as to the name of the city where the same is located renders the search warrant vague and defective in describing the premises to be searched.

We are aware of the rule of law recently expressed in Gaines v. State, 161 Texas Cr. Rep. 589, 279 S.W. 2d 96, as follows: "The occupancy and ownership of the premises as stated in the affidavit may be looked to in aid of the description given," but we do not believe that proof of occupancy and ownership can dispense with the necessity of describing the premises to be searched *as near as may be*.

Article I, Section 9, of our Constitution reads as follows:

"The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them *as near as may be*, nor without probable cause, supported by oath or affirmation."

Out of the multitude of cases which have been decided by this court on the precise question before us here, there is only one case which holds that the name of the county alone is sufficient. It is Cruze v. State, 114 Texas Cr. Rep. 450, 25 S.W. 2d 875. The cases cited in the Cruze opinion do not support the decision there reached, and it is interesting to note that the Cruze case has been cited only once. It was cited recently in Franklin v. State, 163 Texas Cr. Rep. 330, 291 S.W. 2d 322, as supporting the sufficiency of the following description:

"* * * a certain private dwelling, located in Fisher County, Texas described as (a) Virgil Franklin residence, Block 153, in the original town of Rotan, Texas and being the premises

occupied by, in charge of and under the control of Virgil Franklin."

It should be noted that in the Franklin case the name of the city was given as well as the location of the residence within such city.

The sufficiency of the description in the Franklin case is clearly adequate, but that holding does not make adequate the description in the Cruze case or in the case at bar.

While the rule announced in the Cruze case may have been a sufficient description of the premises to be searched in some sparsely settled county a number of years ago, we judicially know that Dallas County is today one of the most heavily populated counties in the state.

We are unable to reasonably say that in that county there would be only one person having the name of the person named in the search warrant and that, therefore, the premises to be searched might be ascertained. To the contrary, there may be numerous persons residing in Dallas County having the same name.

Under the peculiar facts here presented, we are constrained to conclude that the description in the search warrant was insufficient.

Appellant's counsel in his brief poses this poignant question, "The officer in this case, to execute the warrant, was sent out into Dallas County, where was he to go? Was he to go to Garland or to Grand Prairie, Plano, Mesquite or some other city? The warrant states no city, no distance or direction from any public place or natural object * * *."

We have concluded that the Cruze case insofar as it conflicts with the holding herein is unsound and should be overruled. The test "as near as may be" has not been met by the description in the affidavit and warrant before us. In Willson's Criminal Forms, 6th Edition, Section 3251, we find this admonition: "(here describe the place where the property is concealed as accurately as possible.)"

For the error of the court in admitting the fruits of the search in evidence, the judgment is reversed and the cause remanded.

DAVIDSON, Judge, concurring.

I concur in the reversal of this case for the reason assigned in the majority opinion, but I am of the further opinion that the search warrant is subject to other defects which transcend in importance that upon which the reversal is predicated.

Upon its face, the affidavit for the search warrant sought a warrant to search a private residence for specifically described personal property. The search warrant issued thereon and used in this case authorized the search of a private residence for the specifically described property.

A warrant to search a private residence must be based upon an affidavit evidencing probable cause for its issuance. Stevens v. State, 159 Texas Cr. R. 247, 262 S.W. 2d 716.

Whether probable cause existed for the issuance of the warrant must be determined from the face of the affidavit. Aguirre v. State, 109 Texas Cr. Rep. 584, 7 S.W. 2d 76. "Probable cause," as that term is used, means a reasonable ground of suspicion, supported by circumstances warranting a cautious man in the belief that the accused is guilty. Silver v. State, 110 Texas Cr. Rep. 512, 8 S.W. 2d 144; Chapin v. State, 107 Texas Cr. Rep. 477, 296 S.W. 1095; Landa v. Obert, 45 Texas 539.

An affidavit on information and belief which states no facts or circumstances constituting probable cause will not support or authorize the issuance of a search warrant. Pate v. State, 129 Texas Cr. Rep. 45, 83 S.W. 2d 984; Trimmer v. State, 135 Texas Cr. Rep. 372, 120 S.W. 2d 265. Belief, alone, is not probable cause. Chapin v. State, 107 Texas Cr. Rep. 477, 296 S.W. 1095.

The affidavit, here, is based entirely upon information and belief. No facts are stated therein which would constitute probable cause. The most that can be said of the affidavit upon that subject is that the affiant swears that he has reason to believe and does believe that the alleged stolen property was concealed in the residence of the appellant and that the basis of that belief was that two informers had told him that they so believed. There are no facts stated in the affidavit by which it could be said that a cautious person would be warranted in believing that the stolen property was concealed in the residence of appellant. Nowhere is it stated what the informers represented

to affiant whereby the magistrate might conclude that probable cause existed for the issuance of the search warrant.

For the reason stated, the search warrant was invalid. The search of the residence of appellant was, under that warrant, in direct violation of the constitutional guarantee against unreasonable searches.

It is my opinion that there is another and additional reason why the search warrant was invalid, and that is that it was based and issued upon the affidavit of but one affiant. It is my opinion that a search warrant to search a private residence may issue only upon the affidavit of two credible persons, without reference to the character of property to be searched for.

The Constitution of this state, Art. 1, Sec. 9, and also the Fourth and Fourteenth Amendments to the Federal Constitution protect one against unreasonable searches and seizures. If the search is reasonable, the constitutional guarantees are not violated; if unreasonable, they are violated.

Under Title 6 of the Code of Criminal Procedure, the legislature, by a general law, prescribed the rules whereby a reasonable search of one's premises might be accomplished by virtue of a search warrant. Such a search warrant could be issued "whenever written sworn complaint" was made to a magistrate, setting forth certain facts (Arts. 310, 311, and 312, C.C.P.).

Under that title, the affidavit of one person was sufficient, without reference to the character of place to be searched— that is, whether residence or place of business.

However, when the legislature came to prescribe rules for the issuance of search warrants to search for intoxicating liquor, the affidavit of two credible persons was required as a condition precedent to the issuance of a search warrant to search a private dwelling (Art. 666-20, V.A.P.C.). Under that statute, then, a search warrant to search a private dwelling, in order to constitute a reasonable search within the meaning of the Constitution, must have been issued upon the affidavit of two credible persons.

If a search of a private residence for intoxicating liquors under a search warrant be a reasonable search only when issued upon the affidavit of two persons, it follows that a search of a

private residence by authority of a search warrant issued upon the affidavit of one person would be an unreasonable search and prohibited by the Constitution.

The legislature cannot prescribe different definitions of reasonableness as constituting a reasonable search. There must be uniformity.

It follows, then, that when the legislature required the affidavit of two persons for a search warrant to search a private residence for intoxicating liquors, it made the same requirement of all search warrants to search a private residence. It is only by this construction that the statutes authorizing the issuance of search warrants to search a private residence can be preserved and maintained.

The affidavit for search warrant and the search warrant in this case provided, upon their face, for and authorized the search of the private residence of appellant.

The search warrant, here, was invalid because it was issued upon the affidavit of only one person.

WOODLEY, Judge, dissenting.

The appeal presents seven questions or points of error. The majority opinion and the concurring opinion sustain point two —"(2) The error of the court in admitting marihuana into evidence for the reason that it was obtained by an illegal search and seizure because the search warrant and affidavit were fatally defective. (Informal Bill of Exception No. 2)."

Appellant contends in his brief: "The undisputed evidence shows that the address searched was 719 Bonnie View Road in the City of Dallas. It is apparent that the officers could not have searched the correct residence without personal knowledge to supplement the direction of the search warrant, *because there was no evidence that there were not other Bonnie View Streets in Dallas County, Texas* and the undisputed evidence showed that the residence searched was 719 Bonnie View Road in the City of Dallas."

The majority sustain this contention and hold that the "absence of any mention as to the name of the city where the same is located renders the search warrant fatally defective."

The record does not support appellant's contention in these particulars:

(1) A careful search of the statement of facts reveals that there is no testimony showing that the place searched was located in the city of Dallas, hence the statement that such is shown by the undisputed evidence is erroneous.

(2) Officer Cavender testified that he did not know of any other road or street in Dallas County, other than the one where the premises of the defendant was located, known by the name of Bonnie View or Bonnie View Road or Bonnie View Street.

Officer Cavender also testified that he found appellant at 719 Bonnie View and "when you say Bonnie View do you mean Bonnie View or Bonnie View Road? A. It's Bonnie View Road. Some people call it Bonnie View Street."

Officer Day testified: "Q. Officer Day, do you know of any other street or road or thoroughfare in Dallas County by the name of Bonnie View other than the one where the premises you searched was located? A. No, sir, I do not."

At least for the purpose of his objection appellant's counsel stipulated that there was no such street as Bonnie View in Dallas or in Dallas County, the only street "out there" being Bonnie View Road.

That the objection was addressed to the omission of the word "Road," and not to the omission of a reference to the city, is shown by the objection part of which is quoted in the majority opinion: "We further allege that the search warrant and affidavit are invalid because it is vague and indefinite in describing the premises to be searched. The evidence shows and will show that the place to be searched was Bonnie View Road, 719, while the search warrant and affidavit direct a search of 719 Bonnie View Street in the city of Dallas, and we believe that the evidence will show, and if not, we will stipulate that it is true, that there is no such street as Bonnie View in Dallas or in Dallas County. The only street out there is Bonnie View Road * * * ."

Officer Day's testimony above quoted was heard by the court in the absence of the jury as a part of the testimony relating to the admissibility of the marihuana in evidence. He was not cross-examined on the matter.

My brethren, correctly I believe, overrule the contention that the description is insufficient because the affidavit described the premises to be searched as 719 Bonnie View without adding the word Road or Street, Bonnie View Road being the correct designation, but some referring to the thoroughfare as Bonnie View Street.

I respectfully dissent from the holding of my brethren that the search warrant and affidavit are fatally defective for a reason not advanced in the bill of exception; that is that the absence of a mention of the city renders the search warrant fatally defective.

There is no testimony to the contrary and the evidence before the court upon which he ruled that the officers' testimony was admissible is deemed sufficient to show that there was but one public thoroughfare in Dallas County named Bonnie View, and the premises searched and to be searched was located at 719 on that road.

The rule is well established that a search warrant must describe the premises to be searched with sufficient definiteness to enable the officer to locate the property and to distinguish it from other places in the community, though the description need not be precise or technically accurate. Rhodes v. State, 134 Texas Cr. Rep. 553, 116 S.W. 2d 395.

The same authority applies the rule that as regards sufficiency of description of the property to be searched, that is certain which can be made certain.

The majority apparently abandon these rules and substitute what I believe to be an erroneous construction of Sec. 9 of Art. I of the Constitution of Texas, and require that the premises to be searched be described "as near as may be."

This construction is also in conflict with the holding of this court in Parrack v. State, 154 Texas Cr. Rep. 532, 228 S.W. 2d 859, and the Supreme Court of Texas in Dupree v. State, 119 S.W. 301, 307.

The occupancy and ownership of the premises stated in the affidavit for issuance of a search warrant may be looked to in aid of the description. Gaines v. State, 161 Texas Cr. Rep. 589, 279 S.W. 2d 96; Crumpton v. State, 147 Texas Cr. Rep. 54,

178 S.W. 2d 273; Wood v. State, 156 Texas Cr. Rep. 419, 243 S.W. 2d 31; Jamison v. State, 161 Texas Cr. Rep. 428, 277 S.W. 2d 725.

Appellant used the name "Bob Reagan" when he rented the premises where he was found in possession of the marihuana, and this fact may have made his occupancy of less than ordinary value as in aid to the description of the property, but did not destroy it as an aid.

Also, as suggested by the majority, it is conceivable that there may have been more than one person in Dallas County named Billy Joe Helton. But there was but one Billy Joe Helton who occupied a residence at 719 Bonnie View, and there was no Bonnie View other than Bonnie View Road where appellant was found in possession of marihuana in his residence at 719.

The affidavit for issuance of a search warrant was sworn to by D. N. Boyd on March 19, 1956. He swore that on or about March 16, 1956, Billy Joe Helton did by theft take from the possession of The Record Corner four Phonographs, "* * * and I have cause to believe and do believe that the said property is now concealed by (5) Billy Joe Helton in (6) Residence situated in Dallas County, Texas, at (7) 719 Bonnie View which said (5) Billy Joe Helton occupies, possesses, controls and has charge of.

"My belief as aforesaid is based on the following facts: (A) I have been informed of the existence of the foregoing set out facts by reliable, credible and trustworthy citizen of Dallas, Dallas County, Texas, (B) and further (8) I have received information from a confidential informer or source, one whom I deem to be credible, reliable and dependable, and one whom I do not care to reveal the identity at this time.

"Wherefore, I ask that a warrant to search for and seize the property be *forwith* issued in accordance with the law in such cases provided."

The search was made under authority of the warrant issued upon the affidavit of D. N. Boyd, four other officers assisting Boyd in the search. The stolen property was not found but, incidental to the search, marihuana was found in various places in the house, some of which appellant appears to have been in the act of disposing of via the commode.

The concurring opinion holds that the quoted affidavit sets out no facts which would constitute probable cause.

If, as held by my brethren in Thomas v. State, 163 Texas Cr. Rep. 68, 288 S.W. 2d 791, probable cause cannot rest alone upon information from a credible person, but requires some act on the part of the person whose property is to be searched "to bolster and support such belief," then there is no probable cause.

If, on the other hand, Boyd's belief that the property stolen by appellant was then concealed by him in his residence at 719 Bonnie View, as he alleged on information and belief, was based upon the fact that a reliable, credible and trustworthy citizen and a confidential informer he deemed to be credible, reliable and dependable, had informed him of the fact that the property stolen by Billy Joe Helton was concealed in said residence, probable cause is shown under all authorities prior to the Thomas case. The case of Thomas v. State, 163 Texas Cr. Rep. 68, 288 S.W. 2d 791, should be overruled.

As to the additional reason advanced in the concurring opinion why the search warrant is deemed invalid, the search of appellant's residence, as has been stated, was for stolen property, and marihuana was found as an incident to that search.

Title 6 of the Code of Criminal Procedure (Arts. 304 to 332) regulates the issuance, execution and return of search warrants to discover stolen property. Chapter 6 does not require the affidavit of more than one person.

It is true that the legislature, in Art. 666-20 V.A.P.C., has provided that a search warrant may also issue under Title 6 C.C.P. for the purpose of searching for intoxicating liquor possessed or stored in violation of law and certain equipment and instruments used for such illegal possession or storage, and has provided "If the place to be searched is a private dwelling, occupied as such and no part thereof is used as a store, shop, hotel, boarding house, or any purpose other than a private residence such affidavit shall be made by two (2) credible persons.

"Except as herein provided the application, issuance, and execution of any such warrant and all proceedings relative thereto shall conform as near as may be to the provisions of Title 6 of the Code of Criminal Procedure."

Let it be understood that no search of appellant's residence was made or sought to be made for intoxicating liquor, and none was found. The search was for stolen property.

Had the warrant issued authorizing a search for the marihuana that was found in appellant's residence the authority for such warrant would not have been Art. 666-20 but Art. 725b, Sec. 16, V.A.P.C., and said Title 6, C.C.P., neither of which require a second affiant as does Art. 666-20 when the search is for intoxicating liquor.

If a search under the provisions of Title 6 C.C.P. for stolen property issued upon the affidavit of one credible person was not an unreasonable search prohibited by the Constitution before the enactment of Art. 666-20 V.A.P.C. or its predecessor Art. 691 P.C., it is not apparent how it became an unconstitutional and unreasonable search because the legislature saw fit to place further restrictions upon the right to search one's private residence under the Texas Liquor Control Act.

The trial court did not err in overruling the objections offered and admitting the marihuana into evidence and Bill of Exception No. 2 reflects no reversible error.

If the majority construe the record as supporting appellant's contention that "there was no evidence that there were not other Bonnie View Streets in Dallas County, Texas," the state is entitled to know whether or not the officers' testimony will be available at another trial if such fact is established.