**Ex parte Fred FLORES.**

**No. 42900.**

Court of Criminal Appeals of Texas.

March 25, 1970.

Garza, Garza & Garza, Corpus Christi, for petitioner.

William B. Mobley, Jr., Dist. Atty., Luther E. Jones, Jr., and Thomas D. McDowell, Asst. Dist. Attys., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding in which Hon. Joe J. Alsup, acting in the capacity of a Special Judge of the court in which the petitioner was convicted of unlawful possession of heroin, which conviction was affirmed by this court in Flores v. State, Tex.Cr.App., 436 S.W.2d 135, concluded that the evidence essential to sustain the conviction was illegally obtained and the petitioner is unlawfully confined and deprived of his liberty by reason of the fact that the search warrant is defective in that it failed to set out the city or town in which the premises searched were located.

The affidavit referred to and made a part of the search warrant described the type of building to be searched as "certain structures located in Nueces County, Texas, described as Fred's R C Paint & Body Shop on the west side of Josephine Street in the 600 block directly behind 1501 Leopard Street and premises behind shop and being the building, house or place of Fred Flores."

The evidence at the trial was that Fred Flores had operated the R C Paint and Body Shop in the 600 block of Josephine Street in Corpus Christi, Nueces County, Texas, for eight or nine years.

The occupancy and ownership of the premises stated in the affidavit for issuance of a search warrant may be looked to in aid of the description of the property to be searched. Gaines v. State, 161 Tex.Cr.R. 589, 279 S.W.2d 96, 281 S.W.2d 94; Crumpton v. State, 147 Tex.Cr.R. 54, 178 S.W.2d 273; Wood v. State, 156 Tex. Cr.R. 419, 243 S.W.2d 31; Jamison v. State, 161 Tex.Cr.R. 428, 277 S.W.2d 725.

The question of the sufficiency of the description of the premises in the affidavit or search warrant was not raised at the trial or on appeal. There is nothing in the records before us to show or suggest that premises such as described in the affidavit for issuance of the search warrant may be found in Nueces County other than in the City of Corpus Christi.

All that is required is that the affidavit or search warrant describe the premises to be searched with sufficient definiteness to enable the officer executing the warrant to locate the property and distinguish it from other places in the community. Rhodes v. State, 134 Tex.Cr.R. 553, 116 S.W.2d 395.

Helton v. State, 164 Tex.Cr.R. 488, 300 S.W.2d 87, is distinguishable under the facts. The writer's views are set out in his dissenting opinion in that case.

The petition for writ of habeas corpus is denied.